**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **ELIZABETH RUGGIERO,** **Plaintiff** | ) | |
| **v.** | ) | **C.A. NO:** |
| **THE RHODE ISLAND BOARD OF GOVERNORS FOR HIGHER EDUCATION, RHODE ISLAND COLLEGE, THE STANDARD BENEFIT ADMINISTRATORS, TEACHERS' INSURANCE AND ANNUITY ASSOCIATION,** **Defendants** | ) | CA 06 293 ML |

**NOTICE OF REMOVAL**

Defendants The Rhode Island Board of Governors for Higher Education (the "Board of Governors"), Rhode Island College ("RIC"), The Standard Benefits Administrators ("SBA"), and Teachers Insurance and Annuity Association ("TIAA") file this Notice of Removal pursuant to 28 U.S.C. §1446.

1. On or about May 16, 2006, plaintiff Elizabeth Ruggiero initiated this action in Providence County Superior Court. Plaintiff asserts claims for breach of contract, bad faith, and breach of fiduciary duty against the Board of Governors and RIC, breach of contract and bad faith against TIAA and breach of contract, bad faith and tortious interference with contractual relations against SBA for the alleged wrongful denial of long term disability benefits. A copy of plaintiff's Superior Court complaint is appended hereto as Exhibit A.

2. By letters dated May 31, 2006 plaintiff's counsel mailed summonses and complaints, by certified mail return receipt requested, addressed to agents for service of

process of TIAA and 'Standard Benefits Administrators', a subsidiary of Stancorp Financial Group, Inc.

3. Plaintiff mailed the complaint to defendants RIC and the Board of Governors no earlier than May 25, 2006, care of the office of General Counsel of the Board of Governors.

4. No pleadings have been filed by defendants.

5. The complaint alleges that plaintiff is a Massachusetts resident.

6. The complaint alleges that defendant SBA is "a duly formed corporation with its principal place of business in White Plains, NY." SBA is not, in fact, a corporation. It is a d/b/a of Standard Life Insurance Company of New York which is an affiliate of Standard Insurance Company, the real party in interest in this matter. Standard Insurance Company is incorporated and maintains its principal place of business in Oregon.

7. The complaint alleges that defendant TIAA is "a duly formed corporation with a principal place of business at 730 3rd Avenue, New York, NY 10017-3206." TIAA is, in fact, a life insurance company organized under the laws of the State of New York.

8. The complaint alleges that defendant RIC is a "public institution of higher education that operates under the management and control of the Rhode Island Board of Governors for Higher Education."

9. The complaint alleges that defendant Board of Governors is a "public corporation duly established under the laws of the State of Rhode Island, specifically R.I.G.L. § 16-59-1, and is responsible for the control, management, and operation of Rhode Island College."

10. On information and belief, plaintiff seeks compensatory and punitive damages and attorneys fees in excess of seventy-five thousand dollars ($75,000) and therefore satisfies the minimum amount in controversy requirement as set forth in 28 U.S.C. § 1332.

11. Although plaintiff's complaint, by itself, does not satisfy the complete diversity requirement of 28 U.S.C. § 1332, defendants RIC and the Board of Governors are fraudulently joined parties.

12. The allegations in plaintiff's complaint focus on the denial of her long term disability benefit claim. Plaintiff alleges that SBA "processed, reviewed, handled and evaluated plaintiff's claim for long term disability benefits." Plaintiff further alleges she was "covered under an insurance policy issued by the Teachers Insurance and Annuity Association that contained a long term disability benefits plan." Plaintiff's complaint does not assert any colorable claim against defendants RIC and the Board of Governors and there is no reasonable basis for imposing liability against them. There is no possibility, based on plaintiff's complaint, that plaintiff can maintain any cause of action against defendants RIC and the Board of Governors.

13. As fraudulently joined parties, defendants RIC and the Board of Governors are "disregarded in determining diversity of citizenship." Polyplastics, Inc. v. Transconex, Inc., 713 F.2d 875, 877 (1st Cir. 1983). Therefore, there is complete diversity as required by 28 U.S.C. § 1332.

14. All defendants consent to removal.

15. This Notice of Removal is being filed within the time period required by 28 U.S.C. §1446(b), specifically, it is hereby filed "within thirty days after receipt by defendant,

through service or otherwise, of a copy of an amended pleading, motion or other paper from which it may first be ascertained that the case is one which is or has become removable…."

16. Written notice of the filing of this Notice of Removal will be given to the adverse party as required by law.

17. A true and correct copy of this Notice of Removal will be promptly filed with the Clerk of the Providence County, Rhode Island, Superior Court.

WHEREFORE, defendants The Rhode Island Board of Governors for Higher Education, Rhode Island College, The Standard Benefits Administrators, and Teachers Insurance and Annuity Association pray that this action stand removed from the Providence County Superior Court of Rhode Island to this Court.

Catherine A. Shaghalian
Brooks R. Magratten, Esq., #3583
Catherine A. Shaghalian, Esq., #6883
VETTER & WHITE
Attorneys for Defendants
20 Washington Place
Providence, RI 02903
(401) 421-3060
(401) 272-6803 [FAX]

Dated: June 23, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that on the 23rd day of June 2006 I had mailed by U.S. Mail, first class, postage prepaid, a true copy of the within Notice of Removal to:

Joseph A. Keough, Esq.
KEOUGH & SWEENEY
100 Armistice Blvd.
Pawtucket, RI 02860