STATE OF RHODE ISLAND
PROVIDENCE, SC.

SUPERIOR COURT

ELIZABETH A. RUGGIERO :

VS. : C.A. NO.

THE RHODE ISLAND BOARD OF :
GOVERNORS FOR HIGHER EDUCATION, :
RHODE ISLAND COLLEGE, THE :
STANDARD BENEFIT ADMINISTRATORS, :
TEACHERS' INSURANCE AND ANNUITY :
ASSOCIATION :

## COMPLAINT

1. The plaintiff, Elizabeth A. Ruggiero is an individual of legal age who is a resident of Rehoboth, Massachusetts.

2. The defendant, The Rhode Island Board of Governors for Higher Education (hereinafter "Board") is a public corporation duly established under the laws of the State of Rhode Island, specifically R.I.G.L. §16-59-1, and is responsible for the control, management and operation of Rhode Island College pursuant to R.I.G.L. §16-33-

3. The defendant, Rhode Island College is a public institution of higher education that operates under the management and control of the Rhode Island Board of Governors for Higher Education.

4. The defendant, The Standard Benefit Administrators (hereinafter "The Standard") is a duly formed corporation with a principal place of business in White Plains, New York.

5. The defendant, Teachers' Insurance and Annuity Association (hereinafter "TIAA") is a duly formed corporation with a principal place of business at 730 3rd Avenue, New York, New York 10017-3206.

## FACTS

6. In approximately 1971, the plaintiff, Elizabeth A. Ruggiero was hired by Rhode Island College as an Associate Professor of Elementary Education.

7. As a benefit of her employment, the plaintiff was covered under an insurance policy (hereinafter "the policy") issued by the Teachers' Insurance and Annuity Association (TIAA Policy No. D-2348) that contained a long-term disability benefits plan.

8. The policy holder is the defendant, Rhode Island College

9. The Administrator of the long-term disability benefits plan under the policy is the defendant, Rhode Island College.

10. The long-term disability benefits plan provided under the policy qualifies as a "Governmental Plan", such that it is exempt from the Federal ERISA Regulations.

11. Under the terms of the policy, the plaintiff, Elizabeth A. Ruggiero, became eligible for long-term disability benefits in 1972 after one year of employment.

12. On or about March 18, 2004 the plaintiff, Elizabeth Ruggiero, submitted an application for long-term disability benefits under the policy.

13. In support thereof, the plaintiff submitted medical documentation supporting her application for long-term disability benefits.

14. Upon information and belief, the defendant, Standard Benefit Administrators, processed, reviewed, handled and evaluated the plaintiff's claim for long-

term disability benefits on behalf of the defendants, the Board, Rhode Island College and TIAA.

15. At all times relevant hereto the plaintiff's insurance policy formed a binding valid contract.

16. At all times relevant hereto, the plaintiff qualified for long-term disability benefits under the term of the policy.

17. The plaintiff's claim for disability benefits was denied by the defendants.

18. The administration, review, evaluation and denial of the plaintiff's claim for long-term disability benefits was wrongful, in bad faith and constitutes a breach of contract.

**COUNT I**

**THE RHODE ISLAND BOARD OF GOVERNORS OF HIGHER EDUCATION - BREACH OF CONTRACT**

19. The plaintiff repeats and realleges paragraphs 1 through 18 as if fully restated and set forth herein.

20. Pursuant to Rhode Island General Laws including but not limited to RIGL §16-59-1 and §16-33-2, the defendant is responsible for the control, management and operation of Rhode Island College.

21. As Plan Administrator, the Board, by and through Rhode Island College, breached the terms of the policy including but not limited to its duty of good faith and fair dealing in administering the long-term disability plan contained in the policy such that the plaintiff has been caused to suffer damages.

WHEREFORE, the plaintiff, Elizabeth Ruggiero, hereby prays that this Honorable Court enter judgment against the defendant in an amount to be deemed sufficient by this Court, together with jury, to compensate the plaintiff, Elizabeth Ruggiero, for her damages and that this Court award attorney's fees, costs and interest and all other relief this Honorable Court deems meet and just.

**COUNT II**

**THE RHODE ISLAND BOARD OF GOVERNORS OF HIGHER EDUCATION - BAD FAITH**

22. The plaintiff repeats and realleges paragraphs 1 through 21 as if fully restated and set forth herein.

23. The defendant has wrongfully and in bad faith failed to perform its obligations under the contract of insurance referred to herein. As such, the plaintiff has suffered financial damages, consequential damages and otherwise suffered an interference with her enjoyment of life.

WHEREFORE, the plaintiff prays that this Honorable Court enter judgment against the defendant and that this Court, together with jury, award compensatory damages, punitive damages and reasonable attorney's fees incurred by the plaintiff along with interest, costs and all other relief this Honorable Court deems meet and just.

**COUNT III**

**THE RHODE ISLAND BOARD OF GOVERNORS OF HIGHER EDUCATION - BREACH OF FIDUCIARY DUTY**

24. The plaintiff repeats and realleges paragraphs 1 through 23 as if fully restated and set forth herein.

25. The defendant through its responsibility for the control, management and operation of Rhode Island College, the Administrator of the plaintiff's long-term disability benefits plan contained in the applicable policy referred to herein, had a fiduciary duty to the plaintiff to properly administer the plan.

26. The defendant breached its duty.

27. As a direct and proximate result of the defendant's breach, the plaintiff has been caused to suffer financial damages, consequential damages and otherwise suffered an interference with her enjoyment of life.

WHEREFORE, the plaintiff prays that this Honorable Court enter judgment against the defendant and that this Court, together with jury, award compensatory damages, punitive damages and reasonable attorney's fees incurred by the plaintiff along with interest, costs and all other relief this Honorable Court deems meet and just

## COUNT IV

## RHODE ISLAND COLLEGE -

## BREACH OF CONTRACT

28. The plaintiff repeats and realleges paragraphs 1 through 27 as if fully restated and set forth herein.

29. As Plan Administrator, Rhode Island College breached the terms of the policy, including but not limited to its duty of good faith and fair dealing in administering the long-term disability plan contained in the policy such that the plaintiff has been caused to suffer damages.

WHEREFORE, the plaintiff, Elizabeth Ruggiero, hereby prays that this Honorable Court enter judgment against the defendant in an amount to be deemed

sufficient by this Court, together with jury, to compensate the plaintiff, Elizabeth Ruggiero, for her damages and that this Court award attorney's fees, costs and interest and all other relief this Honorable Court deems meet and just.

**COUNT V**

**RHODE ISLAND COLLEGE -**

**BAD FAITH**

30. The plaintiff repeats and realleges paragraphs 1 through 29 as if fully restated and set forth herein.

31. The defendant has wrongfully and in bad faith refused to perform its obligations under the contract of insurance referred to herein. As such, the plaintiff has suffered financial damages, consequential damages and otherwise suffered an interference with her enjoyment of life.

WHEREFORE, the plaintiff prays that this Honorable Court enter judgment against the defendant and that the Court, together with jury, award compensatory damages, punitive damages and reasonable attorney's fees incurred by the plaintiff along with interest, costs and all other relief this Honorable Court deems meet and just.

**COUNT VI**

**RHODE ISLAND COLLEGE -**

**BREACH OF FIDUCIARY DUTY**

32. The plaintiff repeats and realleges paragraphs 1 through 31 as if fully restated and set forth herein.

33. The defendant, as the Administrator of the plaintiff's long-term disability benefits plan contained in the policy referred to herein, had a fiduciary duty to the plaintiff to properly administer the plan.

34. The defendant breached its duty.

35. As a direct and proximate result of the defendant's breach, the plaintiff has been caused to suffer financial damages, consequential damages and other suffered an interference with her enjoyment of life.

WHEREFORE, the plaintiff, Elizabeth Ruggiero, hereby prays that this Honorable Court enter judgment against the defendant and that this Court, together with jury, award compensatory damages, punitive damages and attorney's fees incurred by the plaintiff along with costs and interest and all other relief this Honorable Court deems meet and just.

**COUNT VII**

**TEACHERS' INSURANCE AND ANNUITY ASSOCIATION -**

**BREACH OF CONTRACT**

36. The plaintiff repeats and realleges paragraphs 1 through 35 as if fully restated and set forth herein.

37. The defendant, TIAA, breached the terms of the contract contained in its policy, including the duty of good faith and fair dealing, such that the plaintiff has been caused to suffer damages.

WHEREFORE, the plaintiff, Elizabeth Ruggiero, hereby prays that this Honorable Court enter judgment against the defendant in an amount to be deemed sufficient by this Court, together with jury, to compensate the plaintiff, Elizabeth

Ruggiero, for her damages and that this Court award attorney's fees, costs and interest and all other relief this Honorable Court deems meet and just.

**COUNT VIII**

**TEACHERS' INSURANCE AND ANNUITY ASSOCIATION -**

**BAD FAITH**

38. The plaintiff repeats and realleges paragraphs 1 through 37 as if fully restated and set forth herein.

39. The defendant has wrongfully and in bad faith refused to perform its obligations under the contract of insurance referred to herein. As such, the plaintiff has suffered financial damages, consequential damages and otherwise suffered an interference with her enjoyment of life.

WHEREFORE, the plaintiff prays that this Honorable Court enter judgment against the defendant and that this Court, together with jury, award compensatory damages, punitive damages and reasonable attorney's fees incurred by the plaintiff along with interest, costs and all other relief this Honorable Court deems meet and just.

**COUNT IX**

**THE STANDARD BENEFIT ADMINISTRATORS -**

**BREACH OF CONTRACT**

40. The plaintiff repeats and realleges paragraphs 1 through 39 as if fully restated and set forth herein.

41. As an agent and/or servant of the defendants, Board, Rhode Island College and TIAA, the Standard breached the terms of the policy, including the duty of good faith and fair dealing, such that the plaintiff was caused to suffer damages.

WHEREFORE, the plaintiff, Elizabeth Ruggiero, hereby prays that this Honorable Court enter judgment against the defendant in an amount to be deemed sufficient by this Court, together with jury, to compensate the plaintiff, Elizabeth Ruggiero, for her damages and that this Court award attorney's fees, costs and interest and all other relief this Honorable Court deems meet and just.

**COUNT X**

**THE STANDARD BENEFIT ADMINISTRATORS -**

**BAD FAITH**

42. The plaintiff repeats and realleges paragraphs 1 through 41 as if fully restated and set forth herein.

43. The defendant has wrongfully and in bad faith denied the plaintiff benefits due to her under the contract of insurance referred to herein. As such, the plaintiff has suffered financial damages, consequential damages and otherwise suffered an interference with her enjoyment of life.

WHEREFORE, the plaintiff prays that this Honorable Court enter judgment against the defendant and that this Court, together with jury, award compensatory damages, punitive damages and reasonable attorney's fees incurred by the plaintiff along with interest, costs and all other relief this Honorable Court deems meet and just.

**COUNT XI**

**THE STANDARD BENEFIT ADMINISTRATORS -**

**TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS**

44. The plaintiff repeats and realleges paragraphs 1 through 43 as if fully restated and set forth herein

45. The defendant, The Standard Benefit Administrators as an agent, servant and/or employee of the Plan Administrator, Rhode Island College, knew of the existence of plaintiff's contract for long-term disability benefits and intentionally interfered with the provisions of said contract thereby causing damage to the plaintiff.

46. As such, the plaintiff has suffered financial damages, consequential damages and otherwise suffered an interference with her enjoyment of life.

WHEREFORE, the plaintiff prays that this Honorable Court enter judgment against the defendant and that this Court, together with jury award compensatory damages, punitive damages, reasonable attorney's fees, costs, interest and all other relief this Honorable Court deems meet and just.

**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY ON ALL COUNTS**

ELIZABETH A. RUGGIERO
By her attorney,

Joseph A. Keough, Jr. (#4925)
KEOUGH & SWEENEY, LTD.
100 Armistice Boulevard
Pawtucket, RI 02860
(401)724-3600

Dated: May 16, 2006

# State of Rhode Island and Providence Plantations

## SUPERIOR COURT

[x] PROVIDENCE/BRISTOL [ ] KENT [ ] WASHINGTON [ ] NEWPORT

CIVIL ACTION, FILE No. PC06-2669

ELIZABETH A. RUGGIERO
**Plaintiff**

THE RHODE ISLAND BOARD OF GOVERNORS FOR HIGHER EDUCATION, RHODE ISLAND COLLEGE, THE STANDARD BENEFIT ADMINISTRATORS, TEACHERS' INSURANCE AND ANNUITY ASSOCIATION
**Defendant**

***Summons***

*To the above-named Defendant:*

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon Joseph A. Keough, Jr., Esquire Plaintiff's attorney, whose address is 100 Armistice Bouelvard, Pawtucket, RI 02860 an answer to the complaint which is herewith served upon you within 20 days after service of this summons upon you,exclusive of the day of service.

If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a) unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

CLERK

Dated: May 31, 2006

**(Seal of the Superior Court)**

S- 135 (REV. 10/00)

# State of Rhode Island and Providence Plantations

..........................................,SC

## PROOF OF SERVICE

I hereby certify that on the ........................................ day of ........................................ I served a copy of this summons and a copy of the complaint received therewith upon ........................................

........................................

in the following manner:

By delivering a copy of the summons and complaint to him/her personally.

By leaving a copy of the summons and complaint at his/her dwelling house, ........................................ ........................................ (Address), with a person of suitable age and discretion then residing therein.

By leaving a copy of the summons and complaint at his/her usual place of abode, ........................................ ........................................, with a person of suitable age and discretion then residing therein.

By delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process, namely ........................................

such agent being one designated by statute to receive service, further notice as the statute requires was given as follows:

........................................

........................................

........................................

Sheriff's Fees

Travel .................... $....................

Service .................... $....................

$....................

........................................
Deputy Sheriff

CIVIL ACTION

FILE NO. 06-2669

SUMMONS

SUPERIOR COURT

ELIZABETH A. RUGGIERO

VS

THE RHODE ISLAND BOARD OF GOVERN FOR HIGHER EDUCATION, ET ALS

SERVE: THE STANDARD BENEFIT ADMINISTRATORS

Joseph A. Keough, Jr., Esqui
ATTORNEY FOR PLAINTIFF

NOTE: Returnable to Plaintiff's Attorney forthwith after service. Proof of service to be filed within time during which the person served must respond.

KEOUGH & SWEENEY, LTD.
ATTORNEYS AND COUNSELORS AT LAW
100 ARMISTICE BOULEVARD
PAWTUCKET, RHODE ISLAND 02860

CERTIFIED MAIL

7003 2260 0004 4563 8998

$05.12⁰ PB658 227 MAY 3 5039 MAILED FROM PAWTUCKET RI 02

P17A

RECEIVED
JUN 05 2006
HOME OFFICE
JUN - 5 2006

Michael P. Winslow
Agent for Service of Process
Standard Benefits Administrators, a
Subsidiary of Stancorp Financial Group, Inc.
1100 SW 6th Avenue, P17A
Portland, Oregon 97204