UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ELIZABETH RUGGIERO, Plaintiff | ) | |
| v. | ) | C.A. No. 06-0293/ML |
| THE RHODE ISLAND BOARD OF GOVERNORS FOR HIGHER EDUCATION, RHODE ISLAND COLLEGE, THE STANDARD BENEFIT ADMINISTRATORS, TEACHERS' INSURANCE AND ANNUITY ASSOCIATION, Defendants | ) | |

**DEFENDANTS RHODE ISLAND COLLEGE AND THE RHODE ISLAND BOARD OF GOVERNORS FOR HIGHER EDUCATION'S JOINT MOTION TO DISMISS**

Defendants Rhode Island College ("RIC") and The Rhode Island Board of Governors for Higher Education (the "Board") jointly move pursuant to F.R.C.P. 12(b)(6) to dismiss plaintiff Elizabeth Ruggiero's complaint with prejudice.

RIC and the Board file herewith a supporting memorandum of law.

Catherine A. Shaghalian

Brooks R. Magratten, Esq. #3585
Catherine A. Shaghalian, Esq., #6883
VETTER & WHITE
Attorneys for Defendants
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 FAX
bmagratten@vetterandwhite.com
cshaghalian@vetterandwhite.com

Dated: July 14, 2006

# CERTIFICATE OF SERVICE

To:

Joseph A. Keough, Esq.
Keough & Sweeney
100 Armistice Boulevard
Pawtucket, RI 02860

I hereby certify that I served on the above-named counsel of record a copy of the within Motion to Dismiss by mailing first class mail, postage prepaid, on the 14th day of July, 2006.

Lisa A. Lariviere

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ELIZABETH RUGGIERO, Plaintiff | ) | |
| v. | ) | C.A. No. 06-0293/ML |
| THE RHODE ISLAND BOARD OF GOVERNORS FOR HIGHER EDUCATION, RHODE ISLAND COLLEGE, THE STANDARD BENEFIT ADMINISTRATORS, TEACHERS' INSURANCE AND ANNUITY ASSOCIATION, Defendants | ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANTS RHODE ISLAND COLLEGE AND THE RHODE ISLAND BOARD OF GOVERNORS FOR HIGHER EDUCATION'S JOINT MOTION TO DISMISS**

Defendants Rhode Island College ("RIC") and The Rhode Island Board of Governors for Higher Education (the "Board") jointly move pursuant to F.R.C.P. 12(b)(6) to dismiss plaintiff Elizabeth Ruggiero's complaint with prejudice.[1]

## I. ALLEGATIONS OF THE COMPLAINT

Ms. Ruggiero alleges that as a benefit of her employment as an Associate Professor of Education at RIC, she was "covered under an insurance policy . . . issued by Teachers Insurance and Annuity Association (TIAA Policy No. D-2348) that contained a long term disability benefits plan." Complaint, ¶7. RIC is the policyholder and, as alleged by plaintiff, "administrator of plan." Id. at ¶8.

On or about March 18, 2004, Ms. Ruggiero applied for long term disability (LTD) benefits under the policy. Id. at ¶12. Defendant Standard Benefit Administrators is alleged to

[1] The two remaining defendants, Standard Benefit Administrators and Teachers Insurance and Annuity Association, have answered the complaint.

have "processed, reviewed, handled and evaluated plaintiff's claim for [LTD] benefits on behalf of the defendants the Board, Rhode Island College and TIAA." Id. at ¶14. Ms. Ruggiero claims that the "administration, review, evaluation and denial" of her claim for long term disability benefits by "the defendants" was "wrongful, in bad faith and constitutes a breach of contract." Id. at ¶¶17, 18.

Ms. Ruggiero claims that pursuant to R.I.G.L. §16-59-1 and §16-33-2, the Board is responsible for the "control, management and operation of Rhode Island College." Id. at ¶20. She alleges that the Board "by and through Rhode Island College breached the terms of the policy including but not limited to its duty of good faith and fair dealing in administering the long term disability plan." Id. at ¶21. She claims the Board has also "wrongfully and in bad faith failed to perform its obligations under the contract of insurance" and breached its "fiduciary duty to the plaintiff to properly administer the plan." Id. at ¶¶23, 25 and 26.

Ms. Ruggiero further alleges that RIC "breached the terms of the policy including but not limited to its duty of good faith and fair dealing in administering the long term disability plan." Id. at ¶29. She accuses that RIC "wrongfully and in bad faith failed to performs its obligations under the contract of insurance" and breached its "fiduciary duty to the plaintiff to properly administer the plan." Id. at ¶¶31, 33 and 34. She has captioned her counts against the Board "Breach of Contract" (Count I), "Bad Faith" (Count II) and "Breach of Fiduciary Duty" (Count III). She has similarly captioned her counts against RIC (Counts IV-VI).

## II. ARGUMENT

### A. ERISA Does Not Govern This Action

The parties agree that Ms. Ruggiero's claims are not subject to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§1001 et seq., because the LTD coverage at issue qualifies as a governmental plan. ERISA applies to any employee benefit plan

if it is established or maintained by any employer engaged in commerce. 29 U.S.C. §1003(a)(1). ERISA also provides, however, that "[t]he provisions of this subchapter shall not apply to any employee benefit plan if (1) such plan is a governmental plan . . ." 29 U.S.C. §1003(b). Section 1002(32) defines a "governmental plan" as "a plan established or maintained for its employees by the Government of the United States, by the government of any State or political subdivision thereof, or by any agency or instrumentality of any of the foregoing . . . " 29 U.S.C. §1002(32).

RIC is a public college that operates under the management and control of the Rhode Island Board of Governors for Higher Education. R.I.G.L. §16-33-1. Employee benefit programs established or maintained by state universities and colleges generally fall within the governmental plan exception under ERISA. See, e.g., Zarilla v. Reading Area Community College, 1999 WL 554609, *2 (E.D. Pa. 1999) (holding that state community college was an "agency or instrumentality" of the Commonwealth of Pennsylvania and that any employee benefit plan it established or maintained was a governmental plan); Missouri State Colleges and Universities Group Ins. Consortium, Inc. v. Business Men's Assur. Co. of America, 980 F.Supp. 1333, 1335 (W.D.Mo.1997) (holding that risk management association composed of state colleges and universities was "political subdivision" or "agency or instrumentality" of state and association's plan for providing group life and disability insurance to employees of member institutions was a governmental plan). ERISA, therefore, does not preempt or otherwise regulate plaintiff's claims.

**B. Standard Insurance Company Is The Only Proper Defendant**

TIAA originally issued group policy No. D-2348 (the "Policy") to RIC. In 2002 TIAA assigned its rights and interests as the insurer of the group policy to Standard Insurance Company ("Standard"). Standard is the only proper defendant to this action as the successor to TIAA.

### C. The Complaint Does Not State A Claim Against RIC And The Board For Breach Of Contract Or Fiduciary Duty

Ms. Ruggiero alleges that RIC was the policyholder and "plan administrator." She claims RIC and the Board, by and through RIC, allegedly breached the terms of the Policy, including but not limited to their purported duty of good faith and fair dealing in administering the Plan. Id. at ¶¶21, 29. She also claims they also "wrongfully and in bad faith" failed to perform their "obligations under the contract of insurance" and breached their "fiduciary duty to the plaintiff to properly administer the plan." Id. at ¶¶23, 25, 26, 31, 33 and 34.

In the non-ERISA context, a group policyholder has a common law duty of good faith and due care to perform whatever functions are reasonable and necessary in order to keep the policy in effect, including the payment of premiums. Chavez v. American Life and Cas. Ins. Co. of Fargo, North Dakota, 872 P.2d 366, 370 (N.M. 1994); Busman v. Pure Plant Food Int'l, Ltd., 330 N.W.2d 762 (S.D. 1982). The employer has a duty to avoid terminating the insurance policy or allowing it to lapse contrary to the desires and intentions of the employees. Id.; see also Van Ostrand v. National Life Assur. Co. of Canada, 371 N.Y.S.2d 51 (N.Y. Sup. 1975). It also has duty of good faith and diligence in obtaining adequate coverage for its employees. Steward v. City of Mt. Vernon, 497 N.E.2d 939, 943 (Ind. Ct. App.1986).

Ms. Ruggiero does not allege that RIC or the Board breached any of these duties. Her allegations are factually limited to the alleged wrongful denial of her claims for LTD benefits. She contends that RIC and the Board should somehow be vicariously liable for Standard's decision to deny her LTD benefit claim. Complaint, ¶¶21, 23, 25, 26, 29, 31, 33 and 34. Neither the terms of the Policy nor Rhode Island law, however, support this contention.

The term "plan administrator" has no legal significance outside of ERISA and does not impose any additional duties on RIC and the Board. An insurer's nonperformance of its contract, even when such nonperformance results from the decision making authority of an

administrator, remains the insurer's responsibility because it is the sole responsibility of the insurer to pay benefits. See Baugh v. Parish Government Risk Mgmt Agency, 715 So.2d 645, 647 (La. Ct. App. 1998). Moreover, Ms. Ruggiero alleges that Standard Benefit Administrators, not RIC, "processed, reviewed, handled and evaluated" her claim. Complaint at ¶14. Ms. Ruggiero fails to allege any specific breach of duty by RIC or the Board in connection with her claim for benefits. She, therefore, has no legally cognizable state law claims against RIC and the Board as "plan administrator." Standard, as the successor to the insurer TIAA, is solely responsible for the denial of Ms. Ruggiero's benefit claim. It alone is the proper defendant.

### D. Under Rhode Island Law A Bad Faith Claim Lies Only Against The Insurer

Rhode Island law does not recognize bad faith claims against parties other than the insurer:

> an *insurer* doing business in Rhode Island is obligated to act in good faith in its relation with its policyholders. A violation of this duty will give rise to an independent claim in tort in which there has been a specific finding that the *insurer* has in bad faith refused to pay the claims due an insured.

Bibeault v. Hanover Ins. Co., 417 A.2d 313, 319 (R.I. 1980) [emphasis added].

Pursuant to R.I.G.L. §9-1-33:

> An insured under any insurance policy . . . may bring an action against the *insurer issuing said policy* when it is alleged that the *insurer* wrongfully and in bad faith refused to pay or settle a claim made pursuant to the provisions of said policy or otherwise wrongfully and in bad faith refused to timely perform the obligations under said contract of insurance." [emphasis added]

There is no legal basis for plaintiff's bad faith claims against RIC and the Board. A cause of action for bad faith refusal to pay a claim made pursuant to an insurance policy may only be brought against the insurer that issued the policy. Ms. Ruggiero alleges that TIAA issued the

Policy. Standard is TIAA's successor and the insurer when plaintiff's claim was denied. Ms. Ruggiero does not allege, and cannot prove, that RIC or the Board is an insurer.

Even accepting all the allegations contained in plaintiff's complaint as true, and drawing all reasonable inferences in her favor, plaintiff has failed to state a claim against RIC and The Board upon which relief can be granted. See Hyatt v. Village House Convalescent Home, Inc., 880 A.2d 821, 823 (R.I. 2005).

## III. CONCLUSION

For the foregoing reasons, defendants Rhode Island College and The Rhode Island Board of Governors for Higher Education request that the Court dismiss plaintiff's complaint with prejudice.

Catherine A. Shaghalian

Brooks R. Magratten, Esq., #3585
Catherine A. Shaghalian, Esq., #6883
VETTER & WHITE
Attorneys for Defendants
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 FAX
bmagratten@vetterandwhite.com
cshaghalian@vetterandwhite.com

Dated: July 14, 2006

CERTIFICATE OF SERVICE

To:

Joseph A. Keough, Esq.
Keough & Sweeney
100 Armistice Boulevard
Pawtucket, RI 02860

I hereby certify that I served on the above-named counsel of record a copy of the within Memorandum by mailing first class mail, postage prepaid, on the 14th day of July, 2006.

Lisa A. Lariviere