**UNITED STATES DISTRICT COURT**
**THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **ELIZABETH A. RUGGIERO** | : | |
| | : | |
| **VS.** | : | **C.A. NO. 06-0293/ML** |
| | : | |
| **THE RHODE ISLAND BOARD OF GOVERNORS FOR HIGHER EDUCATION, RHODE ISLAND COLLEGE, THE STANDARD BENEFIT ADMINISTRATORS, TEACHERS' INSURANCE AND ANNUITY ASSOCIATION** | : | |

**PLAINTIFF, ELIZABETH RUGGIERO'S, MOTION TO REMAND**

Now comes the Plaintiff, Elizabeth Ruggiero, and moves that this Honorable Court remand the case of *Elizabeth Ruggiero vs. The Rhode Island Board of Governors for Higher Education, Rhode Island College, The Standard Benefit Administrators, and the Teachers' Insurance and Annuity Association* (Providence County Superior Court Civil Action No. 06-2669) from the United States District Court for the District of Rhode Island to the Providence Superior Court where the above-entitled action was originally filed. As reason therefore, the plaintiff asserts that the United States District Court for the District of Rhode Island lacks subject matter jurisdiction due to the lack of complete diversity required by 28 U.S.C. § 1332, as two named defendants, Rhode Island College and Rhode Island Board of Governors for Higher Education, are residents of the forum, the State of Rhode Island. In support of said Motion, the Plaintiff relies on the Memorandum of Law that is incorporated herein and attached hereto.

WHEREFORE, the Plaintiff, Elizabeth Ruggiero prays that this Honorable Court, remand the case of *Elizabeth Ruggiero vs. The Rhode Island Board of Governors for Higher Education, Rhode Island College, The Standard Benefit Administrators, and the*

*Teachers' Insurance and Annuity Association* (Providence County Superior Court Civil Action No. 06-2669) to the Providence Superior Court and that this Court grant all other relief it deems meet and just.

ELIZABETH A. RUGGIERO
By her attorney,

Joseph A. Keough, Jr. (#4925)
KEOUGH & SWEENEY, LTD.
100 Armistice Boulevard
Pawtucket, RI 02860
(401)724-3600

CERTIFICATION

I HEREBY CERTIFY that I mailed a true copy of the within to Brooks R. Magratten, Esq. and Catherine A. Shaghalian, Esq. Wetter and White, 20 Washington Place, Providence, R.I. 02903 on this 24 day of July, 2006.

Patricia Campbell

**UNITED STATES DISTRICT COURT**
**THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **ELIZABETH A. RUGGIERO** | : | |
| | : | |
| **VS.** | : | **C.A. NO. 06-0293/ML** |
| | : | |
| **THE RHODE ISLAND BOARD OF GOVERNORS FOR HIGHER EDUCATION, RHODE ISLAND COLLEGE, THE STANDARD BENEFIT ADMINISTRATORS, TEACHERS' INSURANCE AND ANNUITY ASSOCIATION** | : | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND**

## I. INTRODUCTION

The Plaintiff, Elizabeth Ruggiero, has filed a Motion To Remand the above captioned case from the United States District Court for the District of Rhode Island to the Providence County Superior Court where suit was originally filed. As reason therefore, the plaintiff states that the United States District Court for the District of Rhode lacks subject matter jurisdiction due to the lack of complete diversity required by 28 U.S.C. § 1332 as two named defendants, Rhode Island College (hereinafter "RIC") and the Rhode Island Board of Governors for Higher Education (hereinafter "Board of Governors"), are residents of the forum state where the case was originally filed.

In support of her motion, the Plaintiff relies on this Memorandum of Law.

## II. FACTS AND TRAVEL

The plaintiff, Elizabeth A. Ruggiero, is a former Associate Professor of Elementary Education at Rhode Island College. Mrs. Ruggiero was employed in this capacity from 1971 until June 2003. As a benefit of her employment, the Plaintiff was eligible for long-term disability benefits under a group insurance policy (hereinafter "the policy") issued by the defendant, Teacher's Insurance and Annuity Association (hereinafter "TIAA"). The policy's long--term disability plan provided benefits if the plaintiff was unable to perform the duties of an occupation for which she was qualified due to sickness. RIC is named as both the policyholder and Administrator under the group insurance policy. (See Exhibit 1)

On or about June 18, 2003, the plaintiff was forced to leave her job at RIC due to a number of contributing medical conditions. These illnesses included: systemic lupus erythematosus (SLE), chronic fatigue, left hip fracture, two left hip surgeries including total hip replacement, osteoporosis, arthritis, foot drop, internal rotation of the left foot, left sided sciatica, degenerative joint disease of the lumbosacral spine, left hip and left knee, chronic left knee pain with meniscus tear, chronic low back pain with multi-level spondyloarthropathy, sensory changes in the left lower extremity, thyroid disease, high blood pressure, macular degeneration, aortic sclerosis with moderately severe aortic insufficiency, multi-nodular thyroid goiter, chronic migraine headache syndrome, colonic diverticulosis, irritable bowel syndrome and depression.

On or about March 18, 2004, the plaintiff submitted her initial application for long-term disability benefits under the group policy. In support of her application, the plaintiff submitted extensive medical documentation describing the various medical

conditions which qualified her for long-term disability benefits. The defendant, Standard Benefit Administrators (hereinafter "Standard"), processed, reviewed, adjusted and evaluated the plaintiff's application for long term disability benefits on behalf of the defendants RIC, Board of Governors and TIAA. On February 7, 2005 – after several reviews, appeals and delays – the plaintiff received a "final denial" of her long-term disability benefits application, thus exhausting her administrative remedies.

On or about May 16, 2006, the plaintiff filed the instant action in Providence County Superior Court. The plaintiff's complaint was properly filed in state court as the long-term disability benefits plan provided under the group policy qualifies as a "Governmental Plan," such that it is exempt from Federal ERISA Regulations. The Plaintiff's Superior Court Complaint set forth common law claims against the various defendants. Plaintiff's counts against RIC assert claims for breach of contract, bad faith and breach of fiduciary duty. The plaintiff's counts against the Board of Governors are identical, as the Board is responsible for the control, management and operation of Rhode Island College pursuant to R.I.G.L. § 16-33-2. The plaintiff's complaint also alleges breach of contract and bad faith against the defendant, TIAA, who issued the group insurance policy at RIC's request. In addition, the plaintiff's Superior Court Complaint alleges bad faith and tortious interference with contractual relations against the Standard, as it was responsible for processing, reviewing, adjusting and evaluating plaintiff's long-term disability benefits application on behalf of TIAA, RIC and the Board of Governors.

On or about June 23, 2006, the defendants filed a Notice of Removal in the Providence County Superior Court and the United States District Court for the District

of Rhode Island. In their petition for removal, the defendants allege that the complete diversity requirement of 28 U.S.C. § 1332 were met. The defendants make this claim even though this case is not subject to removal under 28 U.S.C. § 1441(b) as RIC and the Board of Governors are citizens of the forum where the plaintiff's complaint was filed. In their attempt to improperly remove this case, the defendants claim that RIC and the Board of Governors are fraudulently joined parties and should be disregarded in determining diversity of citizenship. However, the defendants have set forth no evidence to support this claim, and they have failed to meet the heavy burden imposed to demonstrate fraudulent joinder.

## II. ARGUMENT

### A. THE DEFENADNTS HAVE FAILED TO MEET THEIR BURDEN UNDER THE FRAUDULENT JOINDER DOCTRINE

As stated above, the defendants base their removal claim on diversity of citizenship pursuant to 28 USC § 1332. However, an examination of the pleadings clearly demonstrates that this case is not removable as the defendants RIC and the Board of Governors are citizens of State of Rhode Island, the forum state where the plaintiff's complaint was originally filed. *See* 28 U.S.C.A. § 1441(b). Yet, in an effort to deny the plaintiff her choice of forum, the defendants allege that complete diversity is met because the two non-diverse defendants, RIC and the Board of Governors are fraudulently joined parties. It is the plaintiff's contention that the defendants are wrong and thus cannot meet the heavy burden required by the Fraudulent Joinder Doctrine.

As developed in various federal decisions, the Doctrine of Fraudulent Joinder provides an exception to the complete diversity requirement when a plaintiff joins a non-diverse defendant in bad faith in order to defeat removal. *Mills v. Allegiance*

*Healthcare Corp.*, 178 F.Supp.2d 1, 4 (D.Mass. 2001). While the First Circuit has not adopted a specific test to determine fraudulent joinder, several other Circuits have developed a two-prong test. *Ponce Super Center, Inc. v. Glenwood Holdings, Inc.* 359 F.Supp. 2d 27, 30 (D. Puerto Rico 2005). Under this test, a defendant seeking to establish fraudulent joinder must demonstrate, by *clear and convincing evidence*, either (1) there is no possibility, based on the pleadings, that plaintiff can state a cause of action against the non-diverse defendant in State Court, or (2) there has been an outright fraud committed in the plaintiff's pleadings. *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003); *Whitaker v. American Telecasting, Inc.*, 261 F.3d 196, 207 (2nd Cir. 2001). In the instant case, the defendants cannot satisfy either prong of this test.

**1.) THE DEFENDANTS HAVE NOT MET THEIR BURDEN OF ESTABLISHING THAT NO COLORABLE STATE ACTION EXISTS AGAINST RHODE ISLAND COLLEGE AND THE BOARD OF GOVERNORS IN RHODE ISLAND SUPERIOR COURT.**

Defendants' notice of removal contains a bald assertion that "Plaintiff's complaint doe not assert any colorable claim against defendants RIC and the Board of Governors and there is no reasonable basis for imposing liability against them." *See* Defendants' Notice of Removal, Para. 12. Yet, the defendants provide no support for their claim. Further, the defendants' assertion ignores the applicable standard when examining the legitimacy of plaintiff's claims.

In deciding whether the plaintiff has a colorable cause of action against a non-diverse defendant, the District Court should not conduct a full evidentiary hearing on questions of fact, but rather should make a summary determination by resolving all factual allegations, disputes and ambiguities in favor of the plaintiff. *Sid Richardson*

*Carbon & Gasoline, Co. v. Interenergy Resources, Ltd.*, 99 F.3d 746, 751 (5th Cir. 1996). The District Court does "not determine whether the plaintiff will actually or even probably prevail on the merits of the claim, but look[s] only for a possibility that the plaintiff might do so." *Id.* at 751-752. Mindful of the [Court's] obligation to exercise diversity jurisdiction only in cases of complete diversity, [the Court] will not authorize removal on the basis of fraudulent joinder unless there is *no possibility* that the plaintiff could state a cause of action against the non-diverse party…" *Id.* Therefore, the mere fact that a plaintiff may not ultimately prevail on a claim against a non-diverse defendant does not support a case for fraudulent joinder. *Davis v. Prentiss Properties Unlimited, Inc.*, 66 F.Supp. 1112 (D.C.D. 1999).

In addition, the District Court need not delve at length into the legal defenses that a non-diverse defendant may have in the state court action. Rather, the Court need only look to the four corners of the complaint to find that the plaintiff has stated a cause of action against the non-diverse defendant, and there is a possibility of success on the merits. *Ponce Super Center, Inc. v. Glenwood Holdings, Inc.* 359 F.Supp. 2d 27, 30 (D. Puerto Rico 2005). In examining the *possibility* of a state law claim against the non diverse defendants, a "colorable" cause of action exists if the State Court *might* impose liability on the resident defendant. *Filla v. Norfolk Southern Railway Co.*, 336 F.2d 806, 810 (8th Cir. 2003).

A number of authorities suggest that the fraudulent joinder standard is even more favorable to a plaintiff than a Rule 12 motion to dismiss standard. *Rodrigues v. Genlyte Thomas Group, LLC*, 392 F.Supp. 102 (D.Ma. 2005) [1]"Because a finding of fraudulent joinder deprives the plaintiff of the ability to have a state court pass on the merits of the diversity-defeating claim, a federal court's fraudulent joinder consideration should be akin to an application of Rule 11." [2] *Davis v. Prentiss Properties Unlimited, Inc.* 66 F.Supp. 1112, 1115 (D.C.D. 1999). "If a diversity defeating claim is not frivolous, the plaintiff has the right to have it considered by the state court in which it was filed." *Id.* Thus, to constitute fraudulent joinder, the non-diverse claim must be untenable *ab initio*. *Id.*

Furthermore, it is the defendants who have the burden of demonstrating that the plaintiff cannot state a cause of action against the non-diverse party in state court. *Ponce Super Center, Inc. v. Glenwood Holdings, Inc.*, 359 F.Supp. 2d 27, 30 (D. Puerto Rico 2005). The "defendant must establish that there is no reasonable possibility that the non-diverse defendant could be held liable under the governing law, and the burden is a heavy one." *Id.*, It is the defendant who must show that "it is *clear* under state law that the complaint doe not state a cause of action…" *Dant v. Magnum Express, Inc.*,

---

[1] Pursuant to Rule 12 a Court should not dismiss a plaintiff's complaint under unless it finds beyond doubt – after accepting as true all well-pleaded factual averments and indulging all reasonable inferences in plaintiff's favor – that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir. 1996).

[2] Rule 11 prohibits pleadings that are (1) presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
(2) claims, defenses, and other legal contentions that are unwarranted by existing law or frivolous argument for the extension, modification, or reversal of existing law or the establishment of new law; (3) allegations and other factual contentions that have no evidentiary support or, if specifically so identified, are unlikely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

2006 WL 1045714 (E.D. Mo.) Yet, the defendants in this case have made no such showing. Nowhere in the defendants' Notice of Removal, do they point to any Rhode Island Statute or any Rhode Island case law that would prohibit plaintiff's causes of action against RIC and the Board of Governors.

Furthermore, although it is not plaintiff's burden to demonstrate that she has filed a colorable claim, the plaintiff's claims against both RIC and the Board of Governors are reasonably based in law and fact. Both the plaintiff and defendants agree that this lawsuit is exempt from ERISA because the long term disability plan in question is a "governmental plan." In order to qualify as governmental plan, the benefit plan in issue must be established or maintained by the government of any State or political subdivision. *Caranci v. Blue Cross & Blue Shield of Rhode Island*, 194 F.R.D. 27 (D.RI. 2000) Thus, even though the policy may have been obtained through TIAA, and even though the plaintiff's claim was adjusted by Standard, it is RIC and the Board of Governors who are responsible for the establishment and maintenance of the plan.

The duty of RIC and the Board of Governors to establish and maintain the group insurance plan in issue, and their interrelationship with TIAA and Standard in this regard, creates a unique relationship that has been the subject of litigation throughout the country. Group Insurance is now a widespread and significant form of insurance protection, particularly for employee groups. *Norby v. Bankers Life Company of Des Moines, Iowa, et. al.*, 304 Minn. 464, 231 N.W. 2d 665 (Minn. 1975). Case law in other states has examined the relationship between employee, employer and the insurer issuing a group insurance policy, and the duties created thereby. To begin with, there is disagreement among the states as to whether an employee insured under a

group policy is a party to the contract, or a third party beneficiary of the contract between the employer and the insurer. Dawes Min. Co., Inc. v. Callahan, 246 Ga. 531, 272 S.E.2d 267 (Ga. 1980). An employee may be considered to be a party to the insurance contract itself or has having a contract with the employer by which the employer agrees, for the consideration paid by the employee, to provide insurance coverage to the employee. Id. at 268-269, 533.

In other cases, the duties of the respective parties are based on agency principals. The case law in this area appears divided as to whether the employer is an agent of the employee or the insurer. Distler v. Horace Mann Life Insurance Company, 644 N.E. 2d (In. 1995); Dawes Min. Co., Inc. v. Callahan, 246 Ga. 531, 272 S.E.2d 267 (Ga. 1980); Norby v. Bankers Life Company of Des Moines, Iowa, et. al., 304 Minn. 464, 231 N.W. 2d 665 (Minn. 1975). In some jurisdictions, there appears to be a dividing line to answer this question. Some decisions hold that in selecting a group insurer, policy and coverage to be afforded, the employer is negotiating with the prospective insurer and there is no contract in force. Dawes Min. Co., Inc. v. Callahan, 246 Ga. 531, 272 S.E.2d 267 (Ga. 1980). Therefore, when selecting the insurer, policy and coverage, the employer cannot be the agent of the insurer, rather, the employer is an agent for the employee. Id. at 269, 534. However, once the group policy has been issued, the employer can be found to be an agent of the insurer. Id.

Presently, there is no Rhode Island case directly on point in this matter. Thus, the defendants cannot demonstrate by clear and convincing evidence that plaintiff cannot state a cause of action claims against RIC and the Board of Governors under Rhode Island state law. Nor can the defendants satisfy a Rule 11 standard and

demonstrate that plaintiff's claims are frivolous. Pursuant to the legal principals set forth above, the plaintiff has set forth valid causes of action against RIC and the Board of Governors as follows:

**Breach of Contract** - It may be found that Elizabeth Ruggiero had a contract with RIC and the Board of Governors by which they agreed, for consideration paid by her, to provide long-term disability coverage. If Mrs. Ruggiero did not receive that which she paid for, RIC and the Board of Governors may be held liable. In fact, as RIC is both the policy holder and the Plan Administrator, TIAA or Standard could argue that they have no privity of contract with the plaintiff, and that they are improper parties to the lawsuit. This would leave RIC and the Board of Governors as the *only* viable defendants in plaintiff's claim. In turn RIC and the Board of Governors may have their own cause of action against TIAA and Standard.

**Bad Faith** – As the group benefits policy had already been procured at the time of Mrs. Ruggiero's claim, RIC and the Board of Governors could be viewed as agents of TIAA or Standard. Thus, any role they played in denying the plaintiff's benefits may subject RIC and the Board of Governors to liability for bad faith. This claim is all the more viable as RIC is named Administrator of the long term disability plan. Thus, their role is more than that of mere policy holder, and it is possible that discovery will reveal that RIC and the Board of Governors played an important role as the group policy Administrator.

**Breach of Fiduciary Duty** – Although there is no Rhode Island case law that delineates the respective duties of parties to a group insurance policy, there is

applicable case law on the nature of agency relationships. Agency is "the fiduciary relation which results from the manifestation of consent by one person to another that the other shall act on behalf and subject to his control, and consent by the other so to act." Butler v. McDonald's Corp., 110 F.Supp.2d 62 (D.R.I. 2000). In this regard, an agent always stands in the position of a fiduciary to his principal. Cahill v. Antonelli, 390 A.2d 936 (R.I. 1978). Thus, under the legal theories set forth above, RIC and the Board of Governors may have had an agency relationship with Elizabeth Ruggiero when they selected TIAA, its policy, and the coverages under which she was to receive benefits. If RIC or the Board of Governors violated any of their duties in this regard, they may stand liable to the plaintiff.

At this stage of the proceedings, the full extent of the duties and liabilities of RIC and the Board of Governors has yet to be determined. However, all factual allegations, disputes and ambiguities must be resolved in favor of the plaintiff under the Fraudulent Joinder Doctrine. Furthermore, the question of agency is an issue of fact to be submitted to a trier of fact under applicable legal principles. Etheridge v. Atlantic Mut. Ins. Co., 480 A.2d 1341 (R.I.,1984). In fact, the Rhode Island Supreme Court has found that one person might serve simultaneously as the agent of two independent principals. Brimbau v. Ausdale Equipment Rental Corp., R.I., 440 A.2d 1292, 1295-96 (1982). Consequently, the question of agency as it pertains to RIC and the Board of Governors is a mixed question of law and fact to be determined after trial.

The plaintiff has set forth legitimate colorable claims against RIC and the Board of Governors. The Plaintiff may or may not ultimately prevail on these claims, but the

defendants have failed to show that the plaintiff's claims are "untenable ab initio." In fact, the plaintiff has legitimately asserted claims for breach of contract, bad faith, and breach of fiduciary duty against both RIC and the Board of Governors. By contrast, the Defendants have failed to meet the burden imposed by the Fraudulent Joinder Doctrine. Rather, the defendants' petition for removal, which may itself be a violation of Rule 11, is merely a tactical maneuver designed to wrongfully deny the plaintiff her choice forum. As such, this action should be remanded to Providence County Superior Court.

**2) THE PLAINTIFF'S SUPERIOR COURT COMPALINT DOES NOT MISREPRESENT THE JURISDICTIONAL FACTS AS THEY PERTAIN TO THE DEFENDANTS RHODE ISLAND COLLEGE AND THE BOARD OF GOVERNORS.**

As set forth above, a removing defendant may also satisfy the Fraudulent Joinder Doctrine by demonstrating outright fraud in pleading jurisdictional facts. Outright fraud in pleading jurisdictional facts means that the plaintiff has misrepresented the citizenship of a defendant in order to defeat diversity. _Crokett v. Citifinancial_, 192 F.Supp.2d 648 (N.D. Miss. 2002).

In the instant matter, Elizabeth Ruggiero has not misrepresented any jurisdictional facts as they pertain to either RIC or the Board of Governors. Furthermore, in their notice of removal the defendants have not alleged that the plaintiff's inclusion of RIC and the Board of Governors was the product of fraud in the plaintiff's pleadings.[3] As stated above, the plaintiff's claims against both of these defendants stem from RIC's position as plaintiff's employer and Plan Administrator, and the Board of Governors' statutory control, management, and operation of RIC.

[3] Federal Rules of Civil Procedure, Rule 9 (b) requires that all averments of fraud and the circumstances constituting fraud shall be stated with particularity.

Both defendants clearly have Rhode Island citizenship. Based on the citizenship of both Rhode Island College and the Board of Governors there is clearly no outright fraud in the plaintiff's pleadings.

Plainly, the defendants cannot satisfy either prong of the Fraudulent Joinder Doctrine, and they have not carried the heavy burden imposed under this doctrine. As such, this action should be remanded to Providence County Superior Court.

**B. THE DEFENDANTS HAVE FAILED TO SATISFY THE HEAVY BURDEN IMPOSED ON DEFENDANTS ATTEMPTING TO REMOVE A CASE FROM THE STATE COURT WHERE IT WAS ORGINALLY FILED.**

In addition to the heavy burden imposed by the Fraudulent Joinder Doctrine, Federal case law indicates that an initial burden is placed on defendants removing a matter from the state court from which it was filed. Federal Courts are courts of limited jurisdiction. "While a defendant does have a right, given by statute, to remove in certain situations, plaintiff is still the master of his own claim." *Caterpillar, Inc. v. Williams*, 482 U.S. 986, 391 (1987). When a party questions the propriety of a removal petition, the removing party bears the burden of showing that removal is proper. *Danca v. Private Health Care Systems*, 185 F.2d 1, 4 (1st Cir. 1999) Removal statutes are strictly construed against removal. *Rossello- Gonzalez v. Calderon-Serr*, 398 F.3d 1 (1st Cir. 2004). When plaintiff and defendant clash about jurisdiction, uncertainties are construed in favor of remand. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 (11th Cir. 1994).

As stated above, the Defendants petition for removal is merely a tactical maneuver designed to deny the plaintiff her choice of forum. The traditional purpose of diversity jurisdiction is to protect out-of-state litigants from prejudicial treatment.

Nowhere in the defendants Notice of Removal is it alleged that their rights cannot be protected in the Providence County Superior Court. As the defendants have not alleged that prejudice will result from trying this case in state court, nor have they successfully maintained that the non-diverse defendants were fraudulently joined, this action should be remanded to the Providence County Superior Court.

**III. CONCLUSION**

As the defendants have failed to meet the heavy burden imposed by the Fraudulent Joinder Doctrine and because the Defendants have not met the initial burden imposed on a removing party by Federal Case law, the Plaintiff prays that this Honorable Court grant the Plaintiff's Motion To Remand, and this Honorable Court grant all other relief it deems meet and just.

ELIZABETH A. RUGGIERO
By her attorney,

Joseph A. Keough, Jr. (#4925)
KEOUGH & SWEENEY, LTD.
100 Armistice Boulevard
Pawtucket, RI 02860
(401)724-3600

CERTIFICATION

I HEREBY CERTIFY that I mailed a true copy of the within to Brooks R. Magratten, Esq. and Catherine A. Shaghalian, Esq. Wetter and White, 20 Washington Place, Providence, R.I. 02903 on this 21 day of July, 2006.