**UNITED STATES DISTRICT COURT**
**THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **ELIZABETH A. RUGGIERO** | : | |
| | : | |
| **VS.** | : | **C.A. NO. 06-0293/ML** |
| | : | |
| **THE RHODE ISLAND BOARD OF GOVERNORS FOR HIGHER EDUCATION, RHODE ISLAND COLLEGE, THE STANDARD BENEFIT ADMINISTRATORS, TEACHERS' INSURANCE AND ANNUITY ASSOCIATION** | : | |

**PLAINTIFF'S OBJECTION TO DEFENDANTS RHODE ISLAND COLLEGE AND THE RHODE ISLAND BOARD OF GOVERNORS FOR HIGHER EDUCATION'S JOINT MOTION TO DISMISS**

Now comes the plaintiff, Elizabeth A. Ruggiero, in the above-captioned matter and hereby pray that this Honorable Court deny the Defendants', Rhode Island College ("RIC") and The Rhode Island Board of Governors for Higher Education (the "Board of Governors") Motion To Dismiss. As reason therefore, the Plaintiff states that a valid cause of action exists against both RIC and the Board of Governors for breach of contract, breach of fiduciary duty, and bad faith.

WHEREFORE, the Plaintiff prays that this Court deny the Defendants', RIC and The Board of Governors Motion to Dismiss, and that this Court award all further relief it deems meet and just.

Plaintiff,
By her Attorney,

Joseph A. Keough, Jr., Esquire #4925
KEOUGH & SWEENEY, LTD.
100 Armistice Boulevard
Pawtucket, RI 02860
(401) 724-3600

CERTIFICATION

I HEREBY CERTIFY that I mailed a true copy of the within to Brooks R. Magratten, Esq. and Catherine A. Shaghalian, Esq. Wetter and White, 20 Washington Place, Providence, R.I. 02903 on this 25th day of July, 2006.

**UNITED STATES DISTRICT COURT**
**THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **ELIZABETH A. RUGGIERO** | : | |
| | : | |
| **VS.** | : | **C.A. NO. 06-0293/ML** |
| | : | |
| **THE RHODE ISLAND BOARD OF GOVERNORS FOR HIGHER EDUCATION, RHODE ISLAND COLLEGE, THE STANDARD BENEFIT ADMINISTRATORS, TEACHERS' INSURANCE AND ANNUITY ASSOCIATION** | : | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S OBJECTION TO DEFENDANTS RHODE ISLAND COLLEGE AND THE RHODE ISLAND BOARD OF GOVERNORS FOR HIGHER EDUCATION'S JOINT MOTION TO DISMISS**

## I. INTRODUCTION

In the above captioned matter, the defendants, Rhode Island College ("RIC") and The Rhode Island Board of Governors for Higher Education ("Board of Governors"), have filed a motion to dismiss plaintiff's complaint pursuant to F.R.C. P. 12 (b)(6). In response thereto, the plaintiff filed an objection. In support thereof, the plaintiff relies on this memorandum of law.

## II. FACTS AND TRAVEL

The plaintiff, Elizabeth A. Ruggiero, is a former Associate Professor of Elementary Education at Rhode Island College. Mrs. Ruggiero was employed in this capacity from 1971 until June 2003. As a benefit of her employment, the plaintiff was eligible for long-term disability benefits under a group insurance policy (hereinafter "the policy") issued by the defendant, Teacher's Insurance and Annuity Association

(hereinafter "TIAA"). The policy's long–term disability plan provided benefits if the plaintiff was unable to perform the duties of an occupation for which she was qualified due to sickness. RIC is named as both the policyholder and Administrator under the group insurance policy. (See Exhibit 1)

On or about June 18, 2003, the plaintiff was forced to leave her job at RIC due to a number of contributing medical conditions. These illnesses included: systemic lupus erythematosus (SLE), chronic fatigue, left hip fracture, two left hip surgeries including total hip replacement, osteoporosis, arthritis, foot drop, internal rotation of the left foot, left sided sciatica, degenerative joint disease of the lumbosacral spine, left hip and left knee, chronic left knee pain with meniscus tear, chronic low back pain with multi-level spondyloarthropathy, sensory changes in the left lower extremity, thyroid disease, high blood pressure, macular degeneration, aortic sclerosis with moderately severe aortic insufficiency, multi-nodular thyroid goiter, chronic migraine headache syndrome, colonic diverticulosis, irritable bowel syndrome and depression.

On or about March 18, 2004, the plaintiff submitted her initial application for long-term disability benefits under the group policy. In support of her application, the plaintiff submitted extensive medical documentation describing the various medical conditions which qualified her for long-term disability benefits. The defendant, Standard Benefit Administrators (hereinafter "Standard"), processed, reviewed, adjusted and evaluated the plaintiff's application for long term disability benefits on behalf of the defendants RIC, Board of Governors and TIAA. On February 7, 2005 – after several reviews, appeals and delays – the plaintiff received a "final denial" of her long-term disability benefits application, thus exhausting her administrative remedies.

On or about May 16, 2006, the plaintiff filed the instant action in Providence County Superior Court. The plaintiff's complaint was properly filed in state court as the long-term disability benefits plan provided under the applicable group policy qualifies as a "Governmental Plan," such that it is exempt from Federal ERISA Regulations. The Plaintiff's Superior Court Complaint set forth common law claims against the various defendants. Plaintiff's counts against RIC assert claims for breach of contract, bad faith and breach of fiduciary duty. The plaintiff's counts against the Board of Governors are identical, as the Board is responsible for the control, management and operation of Rhode Island College pursuant to R.I.G.L. § 16-33-2. The plaintiff's complaint also alleges breach of contract and bad faith against the defendant, TIAA, who issued the group insurance policy at RIC's request. In addition, the plaintiff's Superior Court Complaint alleges bad faith and tortious interference with contractual relations against the Standard, as it was responsible for processing, reviewing, adjusting and evaluating plaintiff's long-term disability benefits application on behalf of TIAA, RIC and the Board of Governors.

On or about June 23, 2006, the defendants filed a Notice of Removal in the Providence County Superior Court and the United States District Court for the District of Rhode Island. In their removal petition, the defendants alleged that the complete diversity requirement of 28 U.S.C. § 1332 were met. The defendants made this claim even though this case is not subject to removal under 28 U.S.C. § 1441(b) as RIC and the Board of Governors are citizens of the forum where the plaintiff's complaint was filed. In their attempt to improperly remove this case, the defendants claim that RIC and the Board of Governors are fraudulently joined parties and should be disregarded in determining diversity of citizenship. However, the defendants set forth no evidence to support this

claim, and they have failed to meet the heavy burden required to demonstrate fraudulent joinder. As such, on July 21, 2006, the plaintiff filed a Motion to Remand that is currently pending before this Court.

In the interim, RIC and the Board of Governors filed their motion to dismiss pursuant to F.R.C.P. 12 (b)(6). In their supporting memorandum, the defendants allege that the plaintiff has no legally cognizable state law claims against RIC and the Board of Governors. However, case law from around the country indicates that a valid cause of action does exist against RIC and the Board of Governors. Further, the defendants, RIC and the Board of Governors, have failed to demonstrate that plaintiff is barred from bringing her state law claims for breach of contract, breach of fiduciary duties, or bad faith.

## III. ARGUMENT

### A. THIS COURT LACKS SUBJECT MATTER JURISDICTION TO DECIDE DEFENDANTS' MOTION

As set forth above, this case was removed to this Court pursuant to a notice of removal filed by all of the defendants, who based their removal on diversity of citizenship pursuant to 28 USC § 1332. However, an examination of the pleadings clearly demonstrates that this case is not removable as the defendants RIC and the Board of Governors are citizens of the forum state where the plaintiff's complaint was originally filed. *See* 28 U.S.C.A. § 1441(b). Yet, in an effort to deny the plaintiff her choice of forum, the defendants allege that complete diversity is met because the two non-diverse defendants are fraudulently joined parties. It is the plaintiff's contention that the defendants are wrong and thus this case has been improperly removed.

As a result, the plaintiff filed a motion to remand in which she claims that this Court lacks proper subject matter jurisdiction. This motion is currently pending before this Court. Presently, no determination has yet been made as to whether this case is properly before the Court. Therefore, the motion to dismiss filed by the defendants, RIC and the Board of Governors, is premature, and should not be heard by this Court until the jurisdiction question has been resolved.

**B.) THE DEFENDANTS HAVE FAILED TO MEET THE BURDEN IMPOSED BY FED. R. CIV. P. 12 (b)(6).**

It is well established that United States District Courts disfavor Rule 12(b)(6) motions to dismiss because of the possible waste of time where the dismissal is reversed, and because the primary objective of the law is to obtain a determination of the merits of any claim. Therefore, a case should be tried on the proofs rather then the merits. *Dann v. Studebaker- Packer Corp.*, 288 F.2d 201, 216 ( 6th Cir. 1961) See also, *Druker v. Sullivan*, 334 F.Supp 861, 864(D. Mass. 1971).

In deciding whether to dismiss a complaint under F.R.C.P. 12 (b)(6), the standard of review is weighted heavily in favor of the plaintiff. *Federal Ins. Co. v. May Dept. Stores Co.* 808 F. Supp. 347, 349 (S.D.N.Y. 1992). The Court should not dismiss a plaintiff's complaint for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief" *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). "For purposes of defendants' motion to dismiss, the allegations in plaintiff's complaint are taken as true" *Smith v. Tel Plus Communications*, 1993 WL 389406, 1 (D.R.I. 1993). If there are any questions as to the validity of any allegations in Plaintiff's complaint, the questions must be resolved in

the light most favorable to the plaintiff with any doubt resolved on plaintiff's behalf. Id. at 1.

The issue on a motion to dismiss for failure to state claim is not whether plaintiff will ultimately prevail, but whether under any set of facts, which may be established at trial, the plaintiff *could* be accorded relief. *Dejoy v. Comcast Cable Communications, Inc.*, 941 F.Supp. 468, 473 (D.N.J. 1996). See also *School Dist. Of Kansas City, Mo. V. State of Mo.*, 460 F.Supp 421, 428-429 (W.D. Mo. 1978). The Court must deny a defendant's motion to dismiss, "if the allegations of the complaint permit relief to be granted on *any* theory, even one not expressly stated therein." *Smith v. Tel Plus Communications*, 1993 WL 389406, 1 (D.R.I. 1993). Under the Federal Rules of Civil Procedure's liberal pleading policy, all that is required is that plaintiff's complaint be sufficient for a court or opposing party to understand whether a valid claim is alleged. *Menominee Indian Tribe of Wisconsin v. Thompson*, 943 F.Supp 999, 1005 (W.D. Wis. 1996), *affirmed* 161 F.3d 449 (7th Cir. 1998), *certiorari denied* 526 U.S 1066 (1999). A plaintiff can resist a 12(b)(6) motion if a complaint sets out facts sufficient to outline a claim. Id. A plaintiff does not even need to plead facts, but may plead conclusions, and when faced with motion to dismiss, a plaintiff may hypothesize facts that, if proved, would establish those conclusions. Id.

On a defendant's motion to dismiss plaintiff's complaint, the defendant bears the burden of establishing that the plaintiff can prove no facts that would entitle her to relief. *Wilson Auto Enterprises, Inc. v. Mobil Oil Corp*, 778 F. Supp 101, 103-104 (D.R.I. 1991). In the instant case, the defendants have failed to meet this burden.

**1.) THE DEFENDANTS, RIC AND BOARD OF GOVERNORS, HAVE NOT DEMONSTRATED THAT PLAINTIFF CAN PROVE NO FACTS ENTITLING HER TO RELIEF**

In their motion to dismiss, the defendants have not met their burden of establishing that plaintiff can prove no facts that would entitle her to relief. The defendants seems to suggest that group policyholders, such as the defendant RIC and the Board of Governors, can only be held liable in narrow circumstances such as failure to keep the policy in effect or failure to pay premiums. However, case law around the country has established that group policyholders can be held liable under a number of legal theories.

Both the plaintiff and defendants agree that this lawsuit is exempt from ERISA because the long term disability plan in question is a "governmental plan." In order to qualify as governmental plan, the benefit plan in issue must be established or maintained by the government of any State or political subdivision. *Caranci v. Blue Cross & Blue Shield of Rhode Island*, 194 F.R.D. 27 (D.RI. 2000) Thus, even though the policy in question may have been obtained through TIAA, and even though the plaintiff's claim was adjusted by Standard, RIC and the Board of Governors are ultimately responsible for the establishment and maintenance of the group policy and benefits plan.

The duty of RIC and the Board of Governors to establish and maintain the policy and plan, and their interrelationship with TIAA and Standard in this regard, creates a unique relationship that has been the subject of litigation throughout the country. Group Insurance is now a widespread and significant form of insurance protection, particularly for employee groups. *Norby v. Bankers Life Company of Des Moines, Iowa, et. al.*, 304 Minn. 464, 231 N.W. 2d 665 (Minn. 1975). Case law in other states has examined the

relationship between employee, employer and the insurer issuing a group insurance policy, and the duties created thereby. To begin with, there is disagreement among the states as to whether an employee insured under a group contract is a party to the contract, or a third party beneficiary of the contract between the employer and the insurer. Dawes Min. Co., Inc. v. Callahan, 246 Ga. 531, 272 S.E.2d 267 (Ga. 1980). An employee may be considered to be a party to the insurance contract itself or has having a contract with the employer by which the employer agrees, for the consideration paid by the employee, to provide insurance coverage to the employee. Id. at 268-269, 533.

In other cases, the duties of the respective parties are based on agency principals. The case law in this area appears divided as to whether the employer is an agent of the employee or the insurer. Distler v. Horace Mann Life Insurance Company, 644 N.E. 2d (In. 1995); Dawes Min. Co., Inc. v. Callahan, 246 Ga. 531, 272 S.E.2d 267 (Ga. 1980); Norby v. Bankers Life Company of Des Moines, Iowa, et. al., 304 Minn. 464, 231 N.W. 2d 665 (Minn. 1975). In some jurisdictions, there appears to be a dividing line to answer this question. Some decisions hold that in selecting a group insurer, policy and coverage, the employer is negotiating with the prospective insurer and there is no contract in force. Dawes Min. Co., Inc. v. Callahan, 246 Ga. 531, 272 S.E.2d 267 (Ga. 1980). Therefore, the employer cannot be the agent of the insurer, rather the employer is an agent for the employee. Id. at 269, 534. However, once the group policy has been issued, the employer can be found to be an agent of the insurer. Id.

Presently, there is no Rhode Island case directly on point in this matter. Thus, the defendants cannot clearly demonstrate that plaintiff's complaint fails to state a cause of action claims against RIC and the Board of Governors under Rhode Island state law.

Pursuant to the legal principles set forth above, the plaintiff has set forth claims against both RIC and the Board of Governors reasonably based in law and fact as follows:

**Breach of Contract** - It may be found that Elizabeth Ruggiero had a contract with RIC and the Board of Governors by which they agreed, for consideration paid by her, to provide long-term disability coverage. If Mrs. Ruggiero did not receive that which she paid for, RIC and the Board of Governors may be held liable. In fact, as RIC is both the policy holder and the Plan Administrator, TIAA or Standard could argue that they have no privity of contract with the plaintiff, and that they are improper parties to the lawsuit. This would leave RIC and the Board of Governors as the *only* viable defendants in plaintiff's claim. In turn RIC and the Board of Governors may have their own cause of action against TIAA and Standard.

**Bad Faith** – As the group benefits policy had already been procured at the time of Mrs. Ruggiero's claim, RIC and the Board of Governors could be viewed as agents of TIAA or the Standard. Thus, any role they played in denying the plaintiff's benefits may subject RIC and the Board of Governors to liability for bad faith. This claim is all the more viable as RIC is named Administrator of the long term disability plan. Thus, their role is more than that of mere policy holder. It is possible that discovery in this case will reveal that RIC and the Board of Governors played an important role as the Administrator of the policy.

**Breach of Fiduciary Duty** – Although there is no Rhode Island case law that delineates the duties of parties to a group insurance policy, there is applicable case law on the nature of agency relationships. Agency is "the fiduciary relation which

results from the manifestation of consent by one person to another that the other shall act on behalf and subject to his control, and consent by the other so to act." *Butler v. McDonald's Corp.*, 110 F.Supp.2d 62 (D.R.I. 2000). In this regard, an agent always stands in the position of a fiduciary to his principal. *Cahill v. Antonelli*, 390 A.2d 936 (R.I. 1978). Thus, under the legal theories set forth above, RIC and the Board of Governors may have had an agency relationship with Elizabeth Ruggiero when they selected TIAA, its policy and the coverages under which she was to receive benefits. If RIC or the Board of Governors violated any of their duties in this regard, they may stand liable to the plaintiff.

It is defendant's contention that the plaintiff's complaint does not support any of the counts alleged in her complaint. The defendants support their argument by "cherry picking" and narrowly reading the factual allegations contained in plaintiff's complaint. However, as set forth above, the pleading requirements at this early stage are liberal, and it is plaintiff's position that her complaint does set forth factual and legal claims, which adequately put the defendants on notice of her claims. Furthermore, these claims clearly set forth grounds upon which relief can be granted.

In fact, defendants' memorandum itself argues in favor of plaintiff's position. As set forth on page 4, the defendants acknowledge that an employer "also has a duty of good faith and diligence in obtaining adequate coverage for its employees. Steward v. City of Mt. Vernon, 497 N.E. 2d 939, 943 (Ind. Ct. App. 1986)." Thus, by the defendants' own admission, the plaintiff may be entitled to relief against RIC and the Board of Governors if this duty was breached.

At the very least, the nature of the duty owed by RIC and the Board of Governors, and the related question of agency, is an issue of fact to be submitted to a trier of fact under the applicable legal principles. *Etheridge v. Atlantic Mut. Ins. Co.*, 480 A.2d 1341 (R.I.,1984). In fact, the Rhode Island Supreme Court has found that one person might serve simultaneously as the agent of two independent principals. *Brimbau v. Ausdale Equipment Rental Corp.*, R.I., 440 A.2d 1292, 1295-96 (1982). Consequently, the question of agency as it pertains to RIC and the Board of Governors is a mixed question of law and fact to be determined after trial.

Additionally, the defendants' memorandum identifies further issues that require proof on their merits, and which cannot be decided on the pleadings alone. On page 3 of their memorandum, the defendants allege that in "2002 TIAA assigned its rights and interests as the insurer of the group policy to Standard Insurance Company ("Standard"). Standard is the only proper defendant to this action as the successor to TIAA." This is a factual determination to be made, and ruled on, at a later stage of this case. In addition, TIAA's answer to the complaint contains an affirmative defense that "TIAA at all times acted rationally, reasonably, an in accordance with the terms of the policy." (*See* Exhibit 2, p. 3). Thus, TIAA's role in this matter requires further exploration and determination.

The defendants also argue that RIC's role as Plan Administrator has no significance in this case. On page 4 of their memorandum, the defendants state "The term "plan administrator" has no legal significance outside of ERISA and does not impose any additional duties on RIC and the Board." However, this is merely the defendants own legal and factual conclusion. At this stage of the proceedings, the full extent of the duties

and liabilities of RIC and the Board of Governors has yet to be determined, and all factual allegations, disputes and ambiguities must be resolved in favor of the plaintiff.

It is clear in examining the pleadings that the plaintiff set forth valid claims against RIC and the Board of Governors. The Plaintiff may or may not ultimately prevail on these claims, but the defendants have failed to show that plaintiff can prove *no* set of facts that would entitle her to relief against RIC and the Board of Governors. In fact, as demonstrated above, the plaintiff has set forth valid common law claims for breach of contract, bad faith, and breach of fiduciary duty against both RIC and the Board of Governors.

**CONCLUSION**

Plaintiff has established a valid cause of action against the defendants, RIC and the Board of Governors for breach of contract, bad faith, and breach of fiduciary duty. Therefore, the Plaintiff requests that this Honorable Court deny the Defendants Motion to Dismiss and that this Honorable Court award all further relief it deems meet and just.

Plaintiff,
By her Attorney,

Joseph A. Keough, Jr., Esquire #4925
KEOUGH & SWEENEY, LTD.
100 Armistice Boulevard
Pawtucket, RI 02860
(401) 724-3600

CERTIFICATION

I HEREBY CERTIFY that I mailed a true copy of the within to Brooks R. Magratten, Esq. and Catherine A. Shaghalian, Esq. Wetter and White, 20 Washington Place, Providence, R.I. 02903 on this 28th day of July, 2006.

Patricia Campbell