# EXHIBIT 1

## PART 6: REQUESTING INFORMATION AND APPLYING FOR BENEFITS

**Requesting Information**

The plan administrator will answer any written question or request that you have about enrollment, participation or other administrative matters.

**THE PLAN ADMINISTRATOR:**

Rhode Island College
600 Mt. Pleasant Avenue
Providence, Rhode Island, 02908-1991
(401) 456-8216

**PLAN EFFECTIVE DATE:** February 1, 1971

**PLAN ANNIVERSARY:** February 1

**Applying for Benefits**

When you anticipate that your Total Disability will extend beyond the end of the Elimination Period shown in PART 1, you should request an application for benefits. The plan administrator can supply the application and help you complete it. You should also apply for Social Security disability benefits and any Workers' Compensation benefits at the same time.

When an application for benefits is received, TIAA will process it promptly.

**(A) Time Limits**

Time limits for sending the application for benefits can be found in this certificate in "PART 7: GENERAL PROVISIONS."

**(B) Denied Application for Benefits**

If TIAA denies an application for benefits, you will receive a written denial within a reasonable period of time (not more than 90 days). TIAA will specify the reason(s) for the denial, the provisions of the contract on which the denial is based, and how to ask for a review.

When appropriate, TIAA's letter will also describe any material which might complete or perfect the application and will explain why the material is needed.

**(C) Asking for a Review**

You may ask for a review of a denied application for benefits by writing directly to TIAA within 60 days of receiving the denial. You or your duly authorized representative may examine documents pertaining to your application. You are encouraged to submit issues and comments to TIAA. You will receive a decision of the review within a reasonable period of time (not more than 60 days).

EXHIBIT 2

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ELIZABETH RUGGIERO, Plaintiff | ) | |
| v. | ) | C.A. No. 06-0293/ML |
| THE RHODE ISLAND BOARD OF GOVERNORS FOR HIGHER EDUCATION, RHODE ISLAND COLLEGE, THE STANDARD BENEFIT ADMINISTRATORS, TEACHERS' INSURANCE AND ANNUITY ASSOCIATION, Defendants | ) | |

**ANSWER OF TEACHERS INSURANCE AND ANNUITY ASSOCIATION**

Defendant Teachers Insurance and Annuity Association ("TIAA") responds to the allegations of plaintiff's complaint as follows:

FIRST DEFENSE

1. Lacks information sufficient to form a belief as to the truth of the allegations contained in paragraphs 1, 2, 3, 4 and 6.

2. Denies the allegations contained in paragraph 5.

3. Answering the allegations contained in paragraph 7, alleges that plaintiff was covered under insurance policy No. D-2348 issued by TIAA; except as so alleged, lacks information sufficient to form a belief as to the truth of the allegations contained in that paragraph.

4. Admits the allegations contained in paragraph 8.

5. Answering the allegations of paragraph 9, alleges that the TIAA group policy certificate names Rhode Island College as "plan administrator"; except as so alleged, denies the remaining allegations of that paragraph.

6. Paragraphs 10 and 15 state legal conclusions for which no response is required; to the extent that the Court may deem the allegations of these paragraphs to require a response, they are specifically denied.

7. Answering the allegations contained in paragraph 11, alleges that the terms of the policy speak for themselves and require no further response; to the extent that the Court may deem the allegations of this paragraph to require a response, they are specifically denied.

8. Admits the allegations contained in paragraph 12.

9. Answering the allegations of paragraph 13, alleges that plaintiff submitted medical documentation in connection with her application for long-term disability benefits under the policy; except as so alleged, denies the remaining allegations of that paragraph.

10. Answering the allegations of paragraph 14, alleges that Standard Benefit Administrators ("SBA") reviewed plaintiff's claim for long term disability benefits; except as so alleged, denies the remaining allegations contained in that paragraph.

11. Denies the allegations contained in paragraphs 16, 18, 37, and 39.

12. Answering the allegations contained in paragraph 17, alleges that plaintiff's claim for benefits was denied by SBA acting on behalf of Standard Insurance Company; except as so alleged, denies the remaining allegations of that paragraph.

13. Repeats and realleges its responses to paragraphs 1 through 18 in response to paragraph 19, paragraphs 1 through 35 in response to paragraph 36 and paragraphs 1 through 37 in response to paragraph 38.

14. Answering the allegations contained in paragraphs 20 through 35 (Counts I through VI) and 40 through 46 (Counts IX through XI), alleges that these paragraphs refer to defendants other than TIAA for which no answer or response is required of this defendant. To the extent an answer is required, TIAA denies the allegations of those paragraphs.

SECOND DEFENSE

15. Plaintiff's complaint fails to state a claim upon which relief may be granted.

THIRD DEFENSE

16. Plaintiff has failed to satisfy all terms and conditions of the policy required for the payment of disability benefits.

FOURTH DEFENSE

17. TIAA at all times acted rationally, reasonably and in accordance with the terms of the policy.

FIFTH DEFENSE

18. TIAA is not a proper party to this action.

WHEREFORE, defendant Teachers Insurance and Annuity Association demands judgment dismissing plaintiff's claims with prejudice, costs, fees and such further relief as the Court may deem appropriate.

Catherine A. Shaghalian

Brooks R. Magratten, Esq., #3585
Catherine A. Shaghalian, Esq., #6883
VETTER & WHITE
Attorneys for Defendants
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 FAX
bmagratten@vetterandwhite.com
cshaghalian@vetterandwhite.com

Dated: July 14 , 2006

CERTIFICATE OF SERVICE

To:

Joseph A. Keough, Esq.
Keough & Sweeney
100 Armistice Boulevard
Pawtucket, RI 02860

I hereby certify that I served on the above-named counsel of record a copy of the within Answer of Teachers Insurance and Annuity Association by mailing first class mail, postage prepaid, on the 14th day of July, 2006.

Lisa A. Lariviere