UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ELIZABETH RUGGIERO, Plaintiff | ) | |
| v. | ) | C.A. No. 06-0293/ML |
| THE RHODE ISLAND BOARD OF GOVERNORS FOR HIGHER EDUCATION, RHODE ISLAND COLLEGE, THE STANDARD BENEFIT ADMINISTRATORS, TEACHERS' INSURANCE AND ANNUITY ASSOCIATION, Defendants | ) | |

**DEFENDANTS' OBJECTION TO PLAINTIFF'S MOTION TO REMAND**

Defendants Standard Benefits Administrators, Teachers' Insurance and Annuity Association, Rhode Island College and the Rhode Island Board of Governors for Higher Education hereby object to plaintiff's motion to remand the case to Providence County Superior Court.

Defendants file herewith a supporting memorandum of law.

/s/ Catherine A. Shaghalian
Brooks R. Magratten, Esq., #3585
Catherine A. Shaghalian, Esq., #6883
VETTER & WHITE
Attorneys for Defendants
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 FAX
bmagratten@vetterandwhite.com
cshaghalian@vetterandwhite.com

Dated: August 3, 2006

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ELIZABETH RUGGIERO, Plaintiff | ) | |
| v. | ) | C.A. No. 06-0293/ML |
| THE RHODE ISLAND BOARD OF GOVERNORS FOR HIGHER EDUCATION, RHODE ISLAND COLLEGE, THE STANDARD BENEFIT ADMINISTRATORS, TEACHERS' INSURANCE AND ANNUITY ASSOCIATION, Defendants | ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' OBJECTION TO PLAINTIFF'S MOTION TO REMAND**

Defendants Standard Benefits Administrators ("SBA"), Teachers' Insurance and Annuity Association ("TIAA"), Rhode Island College ("RIC") and the Rhode Island Board of Governors for Higher Education (the "Board") object to plaintiff's motion to remand.

## I. FACTS AND TRAVEL

On or about May 16, 2006 plaintiff Elizabeth Ruggiero filed this action in Providence County Superior Court. She asserts claims for breach of contract, bad faith and breach of fiduciary duty against the Board and RIC, breach of contract and bad faith against TIAA and breach of contract, bad faith and tortious interference with contractual relations against SBA for an alleged wrongful denial of long term disability ("LTD") benefits. Ms. Ruggiero contends that the "administration, review, evaluation and denial" of her claim for LTD benefits by "the defendants" was "wrongful, in bad faith and constitutes a breach of contract." Complaint at ¶¶17, 18.

Ms. Ruggiero alleges that she is a Massachusetts resident. Id. at ¶1. She further alleges that defendant SBA is "a duly formed corporation with its principal place of business in White Plains, NY." Id. at ¶4. SBA is not, in fact, a corporation. It is a d/b/a of Standard Life Insurance Company of New York which is an affiliate of Standard Insurance Company, the real party in interest in this matter. Notice of Removal, ¶ 6. Standard Insurance Company is incorporated and maintains its principal place of business in Oregon. Id.

Ms. Ruggiero alleges that defendant TIAA is "a duly formed corporation with a principal place of business at 730 3rd Avenue, New York, NY 10017-3206." Complaint at ¶5. TIAA is, in fact, a life insurance company organized under the laws of the State of New York. Notice of Removal, ¶7.

Ms. Ruggiero alleges that defendant RIC is a "public institution of higher education that operates under the management and control of the Rhode Island Board of Governors for Higher Education." Complaint at ¶3. She further alleges that the Board is a "public corporation duly established under the laws of the State of Rhode Island, specifically R.I.G.L. § 16-59-1, and is responsible for the control, management, and operation of Rhode Island College." Id. at ¶2.

Defendants removed the case on June 23, 2006, invoking diversity jurisdiction. Defendants specified that RIC and the Board are fraudulently joined defendants and, therefore, their citizenship should not be considered for purposes of establishing diversity. See Notice of Removal at ¶¶12,13. Plaintiff moved to remand the case to Providence County Superior Court on July 21, 2006.

## II. ARGUMENT

### A. RIC And The Board Are Fraudulently Joined Defendants

An action is generally removable if the plaintiff could have brought the action in

federal court originally. 28 U.S.C. § 1441. Defendants removed this case because this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. Although diversity jurisdiction requires "complete diversity among the parties," American Fiber & Finishing, Inc. v. Tyco Healthcare Group, LP, 362 F.3d 136, 139 (1st Cir. 2004), the citizenship of a fraudulently joined defendant is "disregarded in determining diversity of citizenship." Polyplastics, Inc. v. Transconex, Inc., 713 F.2d 875, 877 (1st Cir. 1983).

"Fraudulent joinder" is a term of art. Although fraud is one basis for demonstrating fraudulent joinder, the removing party need not demonstrate that the plaintiff engaged in actual fraud by naming a particular party as a defendant. Fraudulent joinder also occurs when "there is no possibility that the plaintiff would be able to establish a cause of action against the non-diverse defendants in state court." Gabrielle v. Allegro Resorts Hotels, 210 F. Supp. 2d 62, 66 (D. R.I. 2002) (quoting Tillman v. Cont'l Plaza Hotels & Resorts, 2000 WL 33250072, at *1 (S. D. Tex. 2000)). Although this test speaks in terms of "no possibility" that the plaintiff could recover, this Court has clarified that the proper inquiry is whether there is "any reasonable possibility that a state court would rule against the non-diverse defendant." Id. (emphasis added)(quoting Poulos v. Naas Foods, Inc., 959 F.2d 69, 73 (7th Cir. 1992)); accord In re Rezulin Products Liability Litigation, 133 F. Supp. 2d 272, 280 (S.D.N.Y. 2001) (noting that the "no possibility" test "cannot be taken literally" because "there always would be a 'possibility,' however remote, ... [that would] permit the plaintiff to prevail.").

"The right of removal is generally determined from the record and the status of the pleadings at the time the petition for removal is filed." Palmquist v. Conseco Medical Ins. Co., 128 F. Supp. 2d 618, 621 (D. S.D. 2000) (quoting Farm Bureau Mutual Insurance Co., Inc. v. Eighmy, 849 F. Supp. 40, 42 (D. Kan. 1994)). Although plaintiff's complaint, by itself, does

not satisfy the complete diversity requirement of 28 U.S.C. § 1332, defendants RIC and the Board are fraudulently joined parties.

Ms. Ruggiero alleges that RIC "breached the terms of the policy including but not limited to its duty of good faith and fair dealing in administering the long term disability plan." Id. at ¶29. She contends that RIC "wrongfully and in bad faith failed to performs its obligations under the contract of insurance" and breached its "fiduciary duty to the plaintiff to properly administer the plan." Id. at ¶¶31, 33 and 34. RIC is the policyholder and, as alleged by plaintiff, "administrator of plan." Id. at ¶8.

Ms. Ruggiero claims that pursuant to R.I.G.L. §16-59-1 and §16-33-2, the Board is responsible for the "control, management and operation of Rhode Island College." Id. at ¶20. She alleges that the Board "by and through Rhode Island College breached the terms of the policy including but not limited to its duty of good faith and fair dealing in administering the long term disability plan." Id. at ¶21. She claims the Board has also "wrongfully and in bad faith failed to perform its obligations under the contract of insurance" and breached its "fiduciary duty to the plaintiff to properly administer the plan." Id. at ¶¶ 23, 25 and 26.

She captioned her counts against the Board "Breach of Contract" (Count I), "Bad Faith" (Count II) and "Breach of Fiduciary Duty" (Count III). She has similarly captioned her counts against RIC (Counts IV-VI).

### 1. Plaintiff Has No Colorable Claim Against RIC And The Board For Breach Of Contract Or Fiduciary Duty

Ms. Ruggiero seeks LTD benefits under a TIAA group policy established and maintained by RIC, her employer. In 2002 TIAA assigned its rights and interests as the insurer of the group policy to Standard Insurance Company ("Standard"). Standard as successor to TIAA is the insurer and is responsible for the payment of LTD benefits. Standard is the only proper defendant to this action.

Ms. Ruggiero alleges that RIC was the policyholder and "plan administrator." Complaint, ¶¶8, 9. She claims RIC and the Board, by and through RIC, allegedly breached the terms of the Policy, including but not limited to their purported duty of good faith and fair dealing in administering the Plan. Id. at ¶¶21, 29. She claims they also "wrongfully and in bad faith" failed to perform their "obligations under the contract of insurance" and breached their "fiduciary duty to the plaintiff to properly administer the plan." Id. at ¶¶23, 25, 26, 31, 33 and 34.

In the non-ERISA context, a group policyholder has a common law duty of good faith and due care to perform whatever functions are reasonable and necessary in order to keep the policy in effect, including the payment of premiums. Chavez v. American Life and Cas. Ins. Co. of Fargo, North Dakota, 872 P.2d 366, 370 (N.M. 1994); Busman v. Pure Plant Food Int'l, Ltd., 330 N.W.2d 762 (S.D. 1982). The employer has a duty to avoid terminating the insurance policy or allowing it to lapse contrary to the desires and intentions of the employees. Id.; see also Van Ostrand v. National Life Assur. Co. of Canada, 371 N.Y.S.2d 51 (N.Y. Sup. 1975). It also has duty of good faith and diligence in obtaining adequate coverage for its employees. Steward v. City of Mt. Vernon, 497 N.E.2d 939, 943 (Ind. Ct. App.1986).

Ms. Ruggiero does not allege that RIC or the Board breached any of these duties. Her allegations are factually limited to the alleged wrongful denial of her claim for LTD benefits. She contends that RIC and the Board should somehow be vicariously liable for Standard's decision to deny her benefit claim. Complaint, ¶¶21, 23, 25, 26, 29, 31, 33 and 34. Neither the terms of the Policy nor Rhode Island law support this contention.

Ms. Ruggiero contends that an employer that establishes and maintains a group policy is an agent of the insurer. Even if RIC and the Board could be considered agents of

Standard under Rhode Island law,[1] their duties would be limited to doing all things necessary to make the group policy effective, timely transmitting applications for insurance and notifying employees about the differences between old and new policies. See Dawes Mining Co. v. Callahan, 272 S.E.2d 267, 269 (Ga. 1980); Norby v. Bankers Life Co. of Des Moines, 231 N.W.2d 665, 472. None of the cases plaintiff cites recognizes a claim for breach of contract or fiduciary duty against an employer based on a group insurer's denial of benefits.

RIC and the Board would have also been agents acting on behalf of a disclosed principal, TIAA and its successor, Standard. It is well settled that an agent acting on behalf of a disclosed principal is not liable to a third party for acts performed within the scope of its authority. Cardente v. Maggiacomo Ins. Agency, Inc., 272 A.2d 155, 73 (R.I. 1971). Ms. Ruggiero will thus have no cause of action against RIC and the Board even if she can show that RIC and the Board acted as Standard's agents.

Ms. Ruggiero also contends that RIC and the Board were her agents in selecting the Policy. She suggests that RIC and the Board may have violated duties to her with respect to their selection of the Policy. The complaint, however, contains no allegation that RIC and the Board failed to obtain proper coverage for RIC employees. It deals exclusively with TIAA's (actually Standard's) alleged wrongful denial of LTD benefits.

Ms. Ruggiero's mere labeling of RIC as the plan administrator does not a cause of action create. The term "plan administrator" has no legal significance outside of ERISA and does not impose any additional duties on RIC and the Board. An insurer's nonperformance of its contract, even when such nonperformance results from the decision making authority of an administrator, remains the insurer's responsibility because it is the sole responsibility of the insurer to pay benefits. See Baugh v. Parish Government Risk Mgmt Agency, 715 So.2d 645,

[1] Defendants do not concede this point.

647 (La. Ct. App. 1998). Moreover, Ms. Ruggiero alleges that Standard Benefit Administrators, not RIC, "processed, reviewed, handled and evaluated" her claim. Complaint at ¶14. Ms. Ruggiero fails to allege any specific breach of duty by RIC or the Board in connection with her claim for benefits. She, therefore, has no legally cognizable state law claims against RIC and the Board as "plan administrator." Standard, as the successor to the insurer TIAA, is solely responsible for the denial of Ms. Ruggiero's benefit claim.

### 2. Under Rhode Island Law a Bad Faith Claim Lies Only Against the Insurer

Rhode Island law does not recognize bad faith claims against parties other than the insurer:

> an *insurer* doing business in Rhode Island is obligated to act in good faith in its relation with its policyholders. A violation of this duty will give rise to an independent claim in tort in which there has been a specific finding that the *insurer* has in bad faith refused to pay the claims due an insured.

Bibeault v. Hanover Ins. Co., 417 A.2d 313, 319 (R.I. 1980) [emphasis added].

Pursuant to R.I.G.L. §9-1-33:

> An insured under any insurance policy . . . may bring an action against the *insurer issuing said policy* when it is alleged that the *insurer* wrongfully and in bad faith refused to pay or settle a claim made pursuant to the provisions of said policy or otherwise wrongfully and in bad faith refused to timely perform the obligations under said contract of insurance." [emphasis added]

There is no legal basis for plaintiff's bad faith claims against RIC and the Board. A cause of action for bad faith refusal to pay a claim made pursuant to an insurance policy may only be brought against the insurer that issued the policy. Ms. Ruggiero alleges that TIAA issued the Policy. Standard is TIAA's successor and was the insurer when plaintiff's claim was denied. Ms. Ruggiero does not allege, and cannot prove, that RIC or the Board is an insurer.

The mere fact that plaintiff alleges claims against RIC and the Board is not sufficient to prevent removal. Although the fraudulent joinder analysis supposes that factual disputes will be resolved in favor of the non-removing party, that rule arises "'*only* when there exists an actual controversy, i.e. when *both* parties have submitted *evidence* of contradictory facts.' A court should not, 'in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts' to support [her] claims against the non-diverse defendant." Banger ex rel. Freeman v. Magnolia Nursing Home, L.P., 234 F. Supp. 2d 633, 637 (S.D. Miss. 2002), (quoting Badon v. RJR Nabisco, Inc., 224 F.3d 382, 394 (5th Cir. 2000)). Plaintiff has offered no allegations specific to RIC and the Board to substantiate her breach of contract, breach of fiduciary duty or bad faith claims against them. "[C]onclusory or generic allegations of wrongdoing on the part of the non-diverse defendant are not sufficient to show that the defendant was not fraudulently joined." Id.

Ms. Ruggiero's complaint does not assert any colorable claim against defendants RIC and the Board and there is no reasonable basis for imposing liability against them. There is no possibility, based on plaintiff's complaint, that plaintiff can maintain any cause of action against them. As fraudulently joined parties, defendants RIC and the Board are "disregarded in determining diversity of citizenship." Polyplastics, Inc. v. Transconex, Inc., 713 F.2d 875, 877 (1st Cir. 1983). Therefore, there is complete diversity as required by 28 U.S.C. § 1332.

## III. CONCLUSION

For the foregoing reasons, defendants respectfully request that this Court deem RIC and the Board fraudulently joined parties and retain jurisdiction over this case.

/s/ Catherine A. Shaghalian
Brooks R. Magratten, Esq., #3585
Catherine A. Shaghalian, Esq., #6883
VETTER & WHITE
Attorneys for Defendants
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 FAX
bmagratten@vetterandwhite.com
cshaghalian@vetterandwhite.com

Dated: August 3, 2006