UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ELIZABETH RUGGIERO, Plaintiff | ) | |
| v. | ) | C.A. No. 06-0293/ML |
| THE RHODE ISLAND BOARD OF GOVERNORS FOR HIGHER EDUCATION, RHODE ISLAND COLLEGE, THE STANDARD BENEFIT ADMINISTRATORS, TEACHERS' INSURANCE AND ANNUITY ASSOCIATION, Defendants | ) | |

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS RHODE ISLAND COLLEGE AND THE RHODE ISLAND BOARD OF GOVERNORS FOR HIGHER EDUCATION'S JOINT MOTION TO DISMISS**

Defendants Rhode Island College ("RIC") and the Rhode Island Board of Governors for Higher Education (the "Board") reply to plaintiff's objection to their joint motion to dismiss:

**1. Even If RIC And The Board Acted As Agents Of Standard, Plaintiff Has No Colorable Claims Against Them**

Ms. Ruggiero contends that an employer that establishes and maintains a group policy is an agent of the insurer. She implies that if RIC and the Board acted as Standard's agents, she has viable breach of contract, breach of fiduciary duty and bad faith claims against them. Even if RIC and the Board could be considered agents of Standard under Rhode Island law,[1] the duties of RIC and the Board would be limited to doing those things necessary to make the group policy effective, timely transmitting applications for insurance and notifying employees about the differences between old and new policies. See Dawes Mining Co. v.

[1] Defendants do not concede this point.

Callahan, 272 S.E.2d 267, 269 (Ga. 1980); Norby v. Bankers Life Co. of Des Moines, 231 N.W.2d 665, 669 (Minn. 1975). None of the cases Ms. Ruggiero cites recognizes claims for breach of contract, breach of fiduciary duty or bad faith against a group policyholder based on a group insurer's denial of benefits.

RIC and the Board would have also been agents acting on behalf of a disclosed principal, TIAA, and its successor, Standard. It is well settled that an agent acting on behalf of a disclosed principal is not liable to a third party for acts performed within the scope of its authority. Cardente v. Maggiacomo Ins. Agency, Inc., 272 A.2d 155, 73 (R.I. 1971).

Moreover, a bad faith claim can only be brought against the insurer issuing the policy. See R.I.G.L. § 9-1-33. The language of R.I.G.L. § 9-1-33 applies only to insurers and not to employees of the insurer involved in handling the claim. See LeFranc v. Amica Mut. Ins. Co. 594 A.2d 382, 385 (R.I.1991) *superceded in part by* R.I.G.L. § 27-7-2.1(h). Contrary to Ms. Ruggiero's contentions, RIC and the Board, even as Standard's agents, cannot be subject to bad faith under Rhode Island law.

### 2. The Complaint Does Not Allege Any Wrongdoing By RIC And The Board In Selecting The Policy

Ms. Ruggiero also contends that RIC and the Board "may have had an agency relationship with Elizabeth Ruggiero when they selected TIAA, its policy, and the coverages under which she was to receive benefits." She suggests that RIC and the Board may have violated duties to her in choosing the Policy. The complaint, however, contains no allegation that RIC and the Board failed to obtain proper coverage for RIC employees. It deals exclusively with Standard's alleged wrongful denial of Ms. Ruggiero's LTD benefit claim.

For the foregoing reasons, defendant Rhode Island College and the Rhode Island Board of Governors for Higher Education request that this Court dismiss plaintiff's complaint with prejudice.

/s/ Catherine A. Shaghalian
Brooks R. Magratten, Esq., #3585
Catherine A. Shaghalian, Esq., #6883
VETTER & WHITE
Attorneys for Defendants
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 FAX
bmagratten@vetterandwhite.com
cshaghalian@vetterandwhite.com

Dated: August 9, 2006

CERTIFICATE OF SERVICE

To:

Joseph A. Keough, Esq.
Keough & Sweeney
100 Armistice Boulevard
Pawtucket, RI 02860

I hereby certify that I served on the above-named counsel of record a copy of the within Reply Memorandum by mailing first class mail, postage prepaid, on the 9th day of August, 2006.

/s/ Catherine A. Shaghalian