UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ELIZABETH RUGGIERO | : | |
| | : | |
| v. | : | C.A. No. 06-293ML |
| | : | |
| THE RHODE ISLAND BOARD | : | |
| OF GOVERNORS FOR | : | |
| HIGHER EDUCATION, et al. | : | |

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

Before the Court is Plaintiff's Motion to Remand this action to the Rhode Island Superior Court for Providence County pursuant to 28 U.S.C. § 1447 (c). (Document No. 6). Also before the Court is Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) as to the Rhode Island Board of Governors for Higher Education ("RIBGHE") and Rhode Island College ("RIC"). (Document No. 5). These matters have been referred to me for preliminary findings and recommended disposition. 28 U.S.C. § 636(b)(1)(B); LR Cv 72(a). A hearing was held on September 15, 2006. For the reasons stated below, I recommend that Plaintiff's Motion to Remand (Document No. 6) be GRANTED and Defendants' Motion to Dismiss (Document No. 5) be DENIED.

**Background**

In her Complaint, Plaintiff alleges that she was hired as an Associate Professor of Elementary Education at Rhode Island College in 1971. Compl. ¶¶ 6, 12. On March 18, 2004, she submitted an application for Long Term Disability ("LTD") under a benefits plan which was held and

administered by RIC, issued by Teachers' Insurance and Annuity Association ("TIAA"), and processed and reviewed by Standard Benefit Administrators ("Standard"). Id. ¶¶ 6-14. Plaintiff's claim for LTD benefits was denied, and on May 16, 2006 she filed this action against RIBGHE, RIC, Standard and TIAA for breach of contract, bad faith, breach of fiduciary duty and tortious interference with contractual relations in Rhode Island Superior Court. See Document No. 1, Ex. A. Plaintiff, a resident of Massachusetts, named RIC, RIBGHE, Standard and TIAA as defendants. See id. It is undisputed that RIC and RIBGHE are Rhode Island citizens and Standard and TIAA are New York citizens. On June 23, 2006, Defendants filed a Notice of Removal to this Court stating that RIC and RIBGHE are fraudulently joined parties and should be ignored for purposes of removal and in determining diversity of citizenship. See Document No. 1. On July 14, 2006, Defendants RIC and RIBGHE filed a joint Motion to Dismiss, arguing fraudulent joinder. (Document No. 5). Plaintiff, in turn, filed her opposition and a Motion to Remand (Document No. 6) the case to state court.

**Discussion**

Under 28 U.S.C. § 1332, federal diversity jurisdiction requires "complete diversity, that is, when no plaintiff is a citizen of the same state as any defendant." Gabriel v. Preble, 396 F.3d 10, 13 (1st Cir. 2005) (citations omitted, emphasis in original). In addition, the removing defendant(s) have the burden of showing that all "properly joined and served [defendants] have consented to the removal." Santa Rosa Med. Ctr., Inc. v. Converse of Puerto Rico, Inc., 706 F. Supp. 111, 113 (D.P.R. 1988). See also Russell Corp. v. Am. Home Assurance Co., 264 F.3d 1040, 1044 (11th Cir. 2001) ("The unanimity requirement mandates that in cases involving multiple defendants, all

defendants must consent to removal."). Finally, 28 U.S.C. § 1441(b) provides that an action may be removed only if, "none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." (emphasis added). In this case, although Plaintiff is not a citizen of the same state as any of the Defendants, the provisions of §1441 prevent the case from qualifying for removal, since two of the current Defendants (RIC and RIBGHE) are, for diversity purposes, Rhode Island citizens. In order to remove the case, therefore, Defendants ignored the inclusion of those two "resident" Defendants, and have argued for their dismissal from the case on the basis of fraudulent joinder.

Defendants argue that fraudulent joinder is a "term of art," and they note that actual fraud upon the court is not an element to the claim. See Defs.' Opp'n at 3. Defendants contend that the Court can find that RIC and RIBGHE are fraudulently joined if there is no "reasonable possibility" that Plaintiff could prevail on her claims against those Defendants in the state court. See id.; see also Tillman v. Cont'l Plaza Hotels & Resorts, 2000 WL 33250072, at *1 (S.D. Tex. 2000). Under the standard articulated by Defendants, the burden is on RIC and RIBGHE to demonstrate that there is no reasonable possibility that Plaintiff could prevail on her claims against them. Lawrence Builders v. Kolodner, 414 F. Supp. 2d 134, 137 (D.R.I. 2006). See also In re Maine Asbestos Cases, 44 F. Supp. 2d 368, 372 (D. Me. 1999) (Party claiming fraudulent joinder must "prove to a legal certainty that, at the time of filing the complaint, no one familiar with the applicable law could reasonably have thought, based on the facts that the pleader knew or should have known at the time, that a cause of action against the resident defendant could ultimately be proven.").

In determining whether RIC and RIBGHE were fraudulently joined, the Court analyzes the claims alleged in the Complaint and whether there is any reasonable possibility that Plaintiff could prevail on those claims. Turning first to the claims for breach of contract and breach of fiduciary duty, RIC and RIBGHE argue that Plaintiff cannot prevail on those claims against them, because RIC is merely the "plan administrator," and outside of the ERISA context, there are no cognizable claims for breach of contract or breach of fiduciary duty against a plan administrator.[1] In support of their Motion, Defendants cited several cases, none of which were from Rhode Island, and none of which were directly on point. At the hearing on these Motions, the Court asked Defendants' counsel to identify current Rhode Island law on the duties of a plan administrator in the non-ERISA context. In response, Defendants' counsel professionally conceded, "...it is not really clear what legal significance [the term Plan Administrator] has outside of the ERISA context, and we are not aware of any cases that impose additional duties on a group policy holder that also acts as a Plan Administrator." She also stated that under Rhode Island law, the legal duties of a Plan Administrator are, "at best unclear...I couldn't find any cases...." Far from proving to a "legal certainty" that no claim exists, RIC and RIBGHE could not point the Court to any authority that indicates that there was no "reasonable possibility" Plaintiff could prevail against them under Rhode Island law.

By ignoring their status as Rhode Island citizens and asking this Court to exercise subject matter jurisdiction over the claims pending against them and then to dismiss those claims, RIC and RIBGHE shoulder the burden of proving to a "legal certainty" that no claims could be proven against

[1] Pursuant to R.I. Gen. Laws § 16-33-1 and 2, RIBGHE is "responsible for the control, management and operation of" RIC. See also R.I. Gen. Laws § 16-59-1, et seq. Plaintiff has sued RIBGHE in addition to RIC for this reason.

them. They have failed to meet their burden. At this stage, Defendants simply have not proven to a legal certainty that no cause of action possibly lies against RIC and RIBGHE for breach of contract and breach of fiduciary duty. Accordingly, the Court need not even reach the bad faith claims.

While it is possible that Plaintiff may ultimately be correct that RIC and RIBGHE have no liability in this case, the current record before this Court is not sufficiently developed to permit the Court to take the extraordinary step of exercising subject matter jurisdiction over two "resident" Defendants and to dismiss them from a case which they were not eligible to remove to this Court in the first instance. The appropriate mechanism to resolve this issue is to litigate the motion to dismiss of RIC and RIBGHE in Superior Court. See Destefano v. Home Shopping Network, Inc., No. 805 CV 1299 T23 MSS, 2006 WL 539542, *2 (M.D. Fla. 2006) ("[T]hat the plaintiff may have mistakenly sued the wrong party is a substantive defense to the merits of the plaintiff's claim and otherwise fails to inform whether diversity jurisdiction exists between the named parties to the action."). The removal statute contemplates this procedure. Under 28 U.S.C. § 1446(b), a case is removable within thirty days after receipt of an "amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable" subject to a maximum one-year period for removal after commencement of an action. In other words, if RIC and RIBGHE are dismissed after remand by order of the State court, the case would thereafter be removeable, subject to the thirty-day and one-year limitation periods.

## Conclusion

For the foregoing reasons, I recommend that Plaintiff's Motion to Remand (Document No. 6) this action to the Rhode Island Superior Court for Providence County be GRANTED; and Defendants' Motion to Dismiss (Document No. 5) be DENIED. Any objection to this Report and

Recommendation must be specific and must be filed with the Clerk of the Court within ten (10) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
October 5, 2006